Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 This is an appeal from a décree of the Circuit Court of the United States, held in. and for the Eastern District of the State of Louisiana.
 

 The complainants below, the appellees'here, filed their bill against Christopher Ford, the appellant, and Robertson, the marshal of the district, for the purpose of obtaining injunctions to stay -proceedings upon the several judgments and executions, which Ford had recovered in the Circuit Court of the United States against one Stephen Douglas, as executor of J. S. Douglas, deceased.
 

 The judgments amounted to some f 18,000, and the marshal had levied upon two plantations, and the slaves thereon, of which the testator, J. S. Douglas, had died seized and possessed.
 

 The bill set forth .that Stephen Douglas, against whom the judgments had been recovered, neither in his Own right nor as exadutor of J. S. Douglas,, deceased, had any title to or interest in the plantations and slaves, which had been seized under and by virtue .of the ■said executions ; and that the same formed no part or portion of the succession of the testator in the hands of the said executors to be administéred. But that the whole of the said plantations and slaves, including the crops of cotton, and all other things thereon, were
 
 *164
 
 the true and lawful property, of the complainants ; that thpy were in the lawful possession of the same, and had been for a long time before the issuing of the executions and seizure complained of; and had acquired the said property, and the title thereto, at a probate sale of all the property belonging to the estate and succession of the said testator, — which sale was lawfully made, and vested in the complainants a good and valid title. All which would appear by the
 
 proces verbal
 
 of the said-adjudications, and the mortuary, proceedings annexed to and forming a part of the bill.
 

 An injunction was granted, in pursuance of the. prayer of the bill, staying all proceedings on the judgments rendered in the three several suits, and also on the executions issued thereon against the property.
 

 Christopher Ford, the adjudged creditor, in answer to the. bill, denied the validity of the probate sales of the plantations and slaves to the complainant's ; and charged that they were effected, and the pretended title thereto acquired, by fraud and covin between.the executor, Stephen Douglas, and the executrix, the widow of the tes--tator, and one of the complainants, for the purpose of hindering and defrauding the creditors of the estate ; that in furtherance of this design a large amount of simulated and fraudulent' claims of the executor and executrix were presented against the succession, to wit, $53,000 and upwards in favor of the former, and $76,000 arid upwards in favor of the latter, which were received and allowed by the probate ■ court without any vouchers or legal evidence of the genuirieness of the debts against the estate ; that- these simulated and fraudulent claims were made the foundation of an application to the said probate court for an order to sell the two plantations, and slaves thereon, under whom the widow and one Archibald Douglas became the purchasers at' the probate sale ; that neither had paid any part of the purchase-money to the executor or probate court; and which was the only' title of the complainants to the property in question, upon which the defendant had caused the executions to be levied.
 

 In confirmation of the fraud, thus alleged in the probate sales in the parish of Madison and State of Louisiana, the defendant further charges, that the testator died seized and possessed, also, of a large plantation and slaves and personal property therein situate in the county of Claibomé and State of Mississippi, inventoried at upwards of $70,000, besides notes and accounts to the amount of $ 161,000 and -upwards, that the said plantations and slaves were, on application of Stephen Douglas, the executor, to the probate court in that State, and an order for that purpose obtained, sold, and purchased in by the widow and executrix for about the sum' of $40,000, and that the personal estate, of $161,000 and upwards, of notes and accounts, were not, and have not been, .accounted for by the executor to the court of probate.
 

 
 *165
 
 In short, according to the answer of the defendant,, the estate and succession of the deceased debtor, inventoried at about' the sum of
 
 $
 
 300,000,. and for aught that áppears available to that amount, has been sold and transferred through the instrumentality arid agency of family connections, under color of proceedings apparently in due form in the probate court, into the hands of the widow and a brother of the deceased, without adequate consideration, if consideration at all, and with the intent to hinder, delay, and defraud the creditors of the estate, and particularly the defendant.
 

 The complainants excepted to the answer filed bv the defendant, because the matters and doings set forth therein could not, in law, be inquired into in the present suit, or proceedings instituted by the said complainants, and prayed that they bright have the benefit of their injunctionj and that it might be made perpetual.
 

 And thereupon it was agreed that the'case might be set down for argument on the matters of law arising on the bill and answer,; and that if the judgment of the court in matters, of law. should be for the defendant, the complainants might join issue on the fact, and testimony be taken in the usual manner.
 

 The court', after argument of counsel, decreed that the exception of the complainants to the defendant’s answer was well taken, and gave leave to answer over, which was declined ; and, therefore, the court adjudged and decreed that the injunction theretofore awarded in the case should be made perpetual; .and it was further adjudged and decreed that complainants recover the costs of suit, without prejudice to the right of the defendant to any action he might think proper.
 

 The decision of the court below, and the view which, we -have ■ taken of the case here, do not 'involve the question, whether the matters set forth in the answer sufficiently established the fact that a fraud had been committed by the complainants against creditors, in the several sales and transfers of the property in question, through, the iristrumentality of the probate, court, nor, as it respects the effect of the fraud, if established, upon the title derived under these sales. If the . case depended upon the decision of these questions, we entertain little doubt as to the judgment that .. should be given.
 

 The ground of the decision below, and of the argument here, is, that the complainants were not bound to ■ answer the allegations of fraud against their title, in the-aspect, in which the case was presented to the court; that a title derived under a public sale,, in due form of law, by the probate judge, protected them in the full and peaceable possession and enjoyment of the property until the conveyance was vacated and set aside by a direct proceeding Instituted for that purpose ; and that this step, on the párt of the judgment creditors, was essential, upon the established law of the State of
 
 *166
 
 Louisiana, before he could subject the property to the satisfaction of his judgment.
 

 We
 
 have, accordingly, looked into the law of that State on this subject, and £nd the principle contended for well settled and uniformly applied by its courts in cases like the present.' ' The judgment creditor is not • permitted to treat a conveyance from the defendant in the judgment made by authentic act, or in pursuance of a judicial sale of the succession by a. probate judge, as null and void, and to seize and' sell .the property which had thus passed to the vendee. The law requires that he should bring an action to set the alienation aside, and succe'ed in the same, before he can levy his execution. And so firmly settled and fixed is this principle in the jurisprudence of Louisiana, as a rule of. property, and as administered in the courts of that State x-that even if the sale and conveyance by authentic act,’ or in pursuance of a judicial sale, are confessedly fraudulent and void, still no title.- passes to a purchaser under the judgment and execution, not a creditor of the vender, so as to enable him to attack the. conveyance and obtain possession of the property. -In effect the sale, if permitted to take place, is null and void, and passes no title. Henry
 
 v.
 
 Hyde, 5 Martin, (N. S.) 633; Yocum
 
 v.
 
 Bullitt, 6 ibid. 324; Peet
 
 v.
 
 Morgan, 6 ibid. 137; Childres
 
 v.
 
 Allen, 3 Louisiana Rep. 477; Brunet
 
 v.
 
 Duvergis, 5 ibid. 124; Samory v. Hebrard et al., 17 ibid. 558.
 

 The’ case of Yocum
 
 v.
 
 Bullitt et al., among many above referred to, is like the one before us.
 

 The court there say : — The record shows that the slaves had been conveyed by the defendant in ' the execution by a sale under the private signature recorded in the office of the parish judge of St. Landry,, wheré the sale wasi made. If the sale was fraudulent it must be regularly, set aside by a suit instituted for that purpose ; that it was not less a sale and binding upon third parties until declared null in an action which, the law gives (Curia Phil. Revocato-ria, n. 2); that the possession of the vendee was a legal one, until avoided in due course of law.” The court further remarked, that —
 
 “
 
 The same point had been determined at the preceding-term, in which it had been held that a conveyance alleged to be fraudulent could not be tested by the seizure of the property or estate belonging to the vender, but an action must be brought to annul the conveyance.”
 

 The principle runs through all the cases in the books of reports in that State, and has its foundation in the Civil Code (art. Í965, 1973, 1984), and in the Code of Practice (§ 3, art. 298, 301, 604, 607), and in Stein». Gibbons &A‘Irby (16 Louisiana Rep. 103). And from the course of decision on the Subject it is to be regarded not merely as a rule of practice, or mode óf proceeding in the enforcement of civil rights, which Would not be binding, upon this court, but as a rule of property that affects the title and estáte of
 
 *167
 
 the vendee, and cannot, therefore, be dispensed with without disturbing one of the securities upon which the rights of property depend. It gives strength and stability to its possession and enjoyment, by forbidding the violation of either, except upon legal proceedings properly instituted for the purpose. Neither can be disturbed, except,by judgment of law.' For this purpose, the appropriate action is given, providing for the secession of all contracts," as well as for revoking all judgments when founded in fraud of the rights of creditors. .-
 

 In this court, a bill hied' in the. equity code is the appropriate remedy to set aside the conveyance. In the present case a cross bill should have been filed, setting forth the matters contained in the answer of the defendant. The vendees would then have had an'opportunity to answer the allegations of fraud charged in the bill, and, if denied, the parties could have gone to their proofs, and the case disposed of upon the merits.
 

 It is said that in some of the western States an answer like the one in question would be regarded, by their courts in the nature of a cross bill, upon which to -found' proceedings for the purpose of setting aside the fraudulent conveyance. But .the. practice in this court is otherwise, and more in conformity with the established course of procéeding in a court of equity.
 

 We are of opinion, therefore, that the appellant mistook his rights in attempting to raise the question of fraud in the probate sales in his answer to the injunction bill; and that instead thereof he should have filed a cross bill, and have thus instituted a direct proceeding, for the purpose of settii,0 aside the sales and-subjecting the property to his judgments and executions ; and that in this respect, and to this extent, the decree of the court below was correct.
 

 But on looking into the decree, we are apprehensive that it has been carried further' than the assertion of the principle which we are disposed to uphold, and which may seriously embarrass the appellant in the pursuit of a /remedy, that is yet clearly open to. him.
 

 The injunction issued, on' filing the .bill of. complainants, commanded the appellant to desist from all further proceedings on his three judgments, or on the executions issued against the, property ; arid the court, ón the coming «1 of the answer, has decreed that die same be- made perpetual. And further, that the complainants recover the costs of suit, without prejudice to the right of the defendant to any action he may think proper.
 

 It is at least a matter of doubt, and - might be of litigation hereafter, whether, upon the broad and absolute terms of the decree Used in enjoining, the proceedings, the party is not concluded from further proceedings against the property in question, founded upon these judgments and executions.
 

 They must-constitute the foundation of his right and title, ..upon filing a cross, bill, to any relief, that he may. hereafter show himself
 
 *168
 
 entitled to. The saving clause may not be regarded as necessarily leaving a proceeding of this description open to him. A question might also be raised, whether the’judgments are not so effectually enjoined, as to prevent their enforcement against' property of the judgment debtor not in controversy in this suit. At all events, we think it due to the appellant, and to justice, looking at the nature and character of the transaction and proceeding as developed in the'pleadings, that the. case should be cleared of all doubts and dispute upon this point. We shall, therefore, reverse the decree, and remit the proceedings' to the court below, with direction that all further proceedings on the three judgments and executions be stayed, as it respects the property seised and in question, but that the appellant have liberty to file a cross bill, and take such further proceedings thereon as he may be advised.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Eastern District of Louisiana, and was argued by counsel. On consideration whereof, it is ordered and decreed by this court, that the. decree of. the said Circuit Court in this cause be and the' same is hereby reversed, with costs; and that this cause be and the same is hereby .remanded to the said Circuit Court, with directions to that court that all further proceedings on the three judgments and executions be stayed, as it respects the property seized and in question ; but that the appellant have liberty to file- a cross bill, and to take such further proceedings thereon as he may be advised ; and that such further proceedings be had in this cause, in conformity to the opinion of this court, as to law and justice shall appertain. -