Mr. Justice Clayton
delivered the opinion of the court.
This was an action of debt brought upon a writing obligatpry, given for the purchase of a town lot, at the public sale of lots, in *683 the town of Aberdeen. The defence is fraud and failure of con'sideration. In many respects the case is like that of Anderson v. Burnett, 5 How. 165, and Bell v. Henderson, 6 Ib. 311, which grew out of sales of lots in the same town. The advertisements, and the vague general representations, were there held not to amount to fraud, because they related to matters open to the examination of all persons, and about which they could form their own conclusions.
But there is one feature in this case different from the others. It is in proof that a lot, extending to the Tombigbee River was, on the day of sale, reserved as a depot, for the railroad, which was to have its terminus at that point, and that the lot 858, for which this note was given, adjoined the depot lot, which was situated between it and the river. This lot 858, and others, similarly situated, were regarded' at the sale as front business lots, and consequently brought higher prices than they would, otherwise have done. Afterwards the railroad was abandoned, and the lot which had been reserved for the depot was sold out by the trustees in small lots, which were covered at the time of the trial with cotton sheds, which cut off the lot 858 from all direct communication with the river, and made it a back instead of a front lot. It had, consequently, greatly depreciated in value, and was worth scarcely one twentieth of the original price. We think this would have justified and required a rescission of the contract, by a court of equity. Donaldson v. Weakley, 3 Yerg. Rep. 178. The very object for which the lot was purchased was defeated by the act of the plaintiff. There is no railroad nor depot, and the lot is shut out from the river, so that it is no longer regarded as a business lot, according to the testimony.
But it is said, the party has not been evicted or disturbed in his possession of the lot, and cannot, therefore, defend at law. That is certainly the rule, where the defence attempted is a failure of consideration from defect of title. Hoy et al. v. Taliaferro, 8 S. & M. 740. But where the defence set up is fraud in the contract of sale, apart froin any defect of title, and independent of it, there the defence may be made in an action upon the in *684 strument. Barringer v. Nesbit, 1 S. & M. 22; Brewer v. Harris, 2 Ib. 84; Ellis v. Martin, Ib. 187.
The jury found a verdict for the defendant. There were no exceptions to the charges of the court, at the time they were given; but after the motion for a new trial was overruled, the testimony and charges of the court were set out, and the bill of exceptions says, “ and therefore the jury returned a verdict for the defendant; to all of which the plaintiff excepts.” This did not amount to any thing more than an exception to the refusal to grant a new trial, because not reserved or taken until after the verdict. Smedes’s Dig., Bill of Excep. sec. 4. The instructions cannot therefore be reviewed. j
We think the verdict was in accordance with the testimony, and with the law as herein stated, and therefore, direct that it be affirmed.
Judgment affirmed.