The opinion of the Court was delivered by
Wardlaw, Ch.
Robert R. Cannon on March 18, 1858, conveyed to the plaintiff, Richard G. Howard, all his lands, chattels and credits, in trust, primarily, for the payment of his debts, in terms and according to a classification which are not apparently impeachable. The assignor was greatly embarrassed in his affairs, to the extent of probable insolvency; and the assignee filed this bill to call in the creditors and marshal the assets of the assignor. After the conveyance to the plaintiff, Cummings and Styron, residents without the limits of this State, recovered judgment for a large sum against the assignor, Cannon, in the Circuit Court of the United States for South Carolina, and when this bill was *24 filed, were proceeding to execute their judgment by the seizure and sale of some of the slaves assigned, through the agency of W. H. Wingate, deputy of D. H. Hamilton, who is the marshal of the United States, for the district of South Carolina. Upon hearing affidavits supporting the allegations of the bill, Mr. Commissioner Haynesworth granted a special injunction, restraining Cummings and Styron, in common with other creditors of Cannon, who had obtained judgments against Cannon after the execution of the deed of assignment to plaintiff, from seizing and selling the property assigned. Cummings & Styron, by attorney, pleaded to the jurisdiction of this Court, on the ground that the subject of suit was under the exclusive jurisdiction of the Circuit Court of the United States, inasmuch as that Court had first taken cognizance of the controversy between them and Cannon; and their agent, Wingate, in like manner, pleaded to the jurisdiction of this Court. The Chancellor on circuit sustained the pleas of Cummings & Styron and of Wingate, to the jurisdiction of this Court, and excepted them from his order calling in the creditors of Cannon to present and prove their demands.
The plaintiff appeals from so much of the decree as sustains the pleas to the jurisdiction and exempts Cummings & Styron from the call on creditors to present and prove their demands. The Chancellor proceeded mainly on the reason, not suggested by the pleas, that Cummings & Styron were non-resident and had no such property here, the subject of litigation, as brought them within the cognizance of the State Court.
The plaintiff, in his first ground.of appeal, impugns, and we think justly, this course of reasoning, because Cummings & Styron had a direct and substantial interest in the subject of controversy. The Act of 1784, 7 Stat., 210, gives jurisdiction to the Court as to absent defendants notified by advertisement in the newspapers for three months, without express restriction as to their having property in the State. But the *25 obvious injustice of concluding a party where neither his person nor property was within the jurisdiction, properly induced the Court to give an interpretation to the Act conformable to justice. It has not been questioned since Winstanley vs. Savage, 2 McC. Ch., 435, that non-residents cannot be made parties except in reference to their property here. In this case, however, Cummings & Styron had immediate property in the subject of controversy, for the deed to the plaintiff was an express trust for all the creditors of Cannon in'the property assigned. It was held in Kinloch vs. Meyer, Spear, Eq., 427, that the Court of Equity would entertain jurisdiction of a bill seeking to subject the share of an absent dis-tributee in the hands of an administrator, to the payment of the distributee’s debts. That case is conclusive of the principle involved in this case. Here the issue is as to the share of absent creditors, in the hands of a trustee, to be administered. This is simply a matter of authority, and it is superfluous to reiterate reasoning well expressed heretofore. I content myself with citing some of the cases. Bowden vs. Schatzell, Bail. Eq., 360; Cruger vs. Daniel, McM. Eq., 189; Garden vs. Hunt, Chev. Eq., 42 ; Taylor vs. Williamson, McM. Eq., 348; McKinne vs. City Council of Augusta, 5 Rich. Eq., 55; Hurt vs. Hurt, 6 Rich. Eq., 114; Brennan vs. Burke, 6 Rich. Eq., 200.
The second ground of appeal assails the reasoning expressed in the pleas, that the subject of controversy was within the exclusive jurisdiction of the Circuit Court of the United States, which rendered the judgment of Cummings & Styron vs. Cannon. We have every disposition to avoid even the appearance of conflict with the tribunals of the United States created under the Constitution, and we have no disposition to quibble between restraining processes and restraining persons from proceeding under them. But surely there is a substantial difference between undertaking to revise the judgment and procedure of a co-ordinate or even superior tribunal, and interfering to restrain parties from acts not au *26 thorized by our equals or superiors. It does not impugn, in any respect, the judgment of the Federal tribunal, that we interpose to prevent parties under our control from abusing the process of that Court. It has granted a judgment against Cannon, and we make no offer to restrain the execution of their judgment from the estate of Cannon. But we do not perceive that, under a judgment against Cannon, the estate of Howard or any other person can be legitimately seized and sold. The judgment of Cummings & Styron is left intact; and we simply determine that they or their agent had no authority to seize the property of a stranger under pretence of its operation. To determine otherwise would be to adjudge that a plaintiff, in execution against a pauper, might obtain satisfaction from any rich inhabitant of the State.
It is suggested, however, that the plaintiff should have applied to the'Circuit Gourt of the United States on the equity side, for relief in this case. But the plaintiff could not have obtained relief there, as most of the creditors were resident in the same State with himself. It is unnecessary to discuss the provisions of the Constitution and of the Acts of Congress in relation to this matter, as it is settled, by adjudication, that the Circuit Court of the United States has no jurisdiction as to defendants resident out of the district in which the Court is held. Russell vs. Clarke, 7 Cranch, 69; Carneal vs. Banks, 10 Wheat., 181; Ford vs. Douglass, 5 How., 143.
It is ordered and decreed, that the appeal be sustained, and the circuit decree modified accordingly.
It is further ordered and decreed, that the defendants, Beaseley & Wingate, deliver to the plaintiff the chattels seized by them.
Johnston and Dtjnkin, CC., concurred.

Decree modified.