WASHINGTON RAILROAD *v.* BRADLEYS.

1. It is a gross irregularity to hear a case without some terms imposed, on an amended bill filed after replication, without leave of the court.
2. So it is an irregularity to go to hearing without replications to answers.
3. A petition by " way of cross-bill,'' which makes nobody defendant, which prays for no process, and under which no process is issued, is a nullity.
4. A decree on such a bill, praying the reverse of what the original bill prayed, is fatally erroneous. Nor will the fact that objection was not made below, cure a combination of errors so large and so grave as above indicated.

APPEAL from the Supreme Court of the District of Columbia, in a case of a bill by the Washington, Alexandria, and Georgetown Railroad Company, against the City of Wash-

ington, and J. H. and A. T. Bradley and others, amended by the addition of new defendants; and of a *petition* " by way of cross-bill," made by one of the respondents in the case, referring to the case by title, and stating that " the facts fully appear in the case," praying the reverse of what the complainant had prayed, but not making anybody defendant, nor praying process, and under which no process was obtained; the decree appealed from having been a decree in accordance with the prayer of this " cross-bill." The particulars of the case, which was argued here by Messrs. *Bartley, Bradley, and Davidge, for the appellants; and by Messrs. Brent, Crittenden, and Durant, contra,* are perhaps sufficiently indicated by

Mr. Justice SWAYNE, who thus gave them and delivered the opinion of the court :

The appellants are the complainants in the case. The original bill made the corporation of Washington and Joseph H. Bradley and A. Thomas Bradley only, defendants. The prayer of the bill was that the defendants, Joseph H. and A. T. Bradley, should be enjoined from selling, under a deed made to them as trustees for the security and benefit of the corporation of Washington, the railroad described in the deed of trust, and that the deed should be ordered to be delivered up and cancelled. The defendants answered. The complainants filed a replication. A preliminary injunction was granted forbidding the sale of the road. Subsequently the complainants filed an amended bill, whereby they made George W. Riggs and A. T. Keickover, partners, under the name of Riggs & Co., James C. McGuire, D. P. Lengham, and James P. Kibbreth, defendants, in addition to those made by the original bill. All the defendants were duly served with process except Lengham and Kibbreth. McGuire answered. Kibbreth also answered, and thus became a party to the record. Lengham did not appear. The corporation of Washington and J. H. and A. T. Bradley failed to answer the amended bill. Riggs & Company also failed to answer, and it was ordered, as to them, to be taken as confessed. No such order was made as to the corporation of Washing-

ton and the trustees in the deed of trust.   No further repli-
cation was filed by the complainants.   Testimony was taken
on behalf of the corporation of Washington.   The case was
referred to an auditor.   In this condition of things the de-
fendant Kibbreth filed a cross-bill, wherein he alleged that
he was the holder of certain securities indorsed by the cor-
poration of Washington and secured by the deed of trust,
and prayed that the preliminary injunction should be dis-
solved, and that the trustees should be required to proceed
to sell the trust property for the benefit of the *cestui que trusts.*
This bill makes no defendants, and asks for no process.
None was issued.   It appears by the record that the cause
came on to be heard upon this cross-bill, and was reserved
to the court in bank.   In that court it appears that the case
came on to be heard on the answer and cross-bill of Kib-
breth, the original and amended bills of the complainants,
the answers, exhibits, and testimony, and that the court de-
creed that the preliminary injunction should be dissolved;
that the trustees should proceed to sell the trust property in
the manner prescribed by the deed of trust, and bring the
proceeds of the sale into court, and that all further questions
arising in the case should be reserved for future considera-
tion and adjudication.   This appeal is prosecuted to reverse
that decree.

The record is voluminous; we have adverted to its con-
tents only so far as is necessary to develop the points which
we think must control the determination of the case.   Several
important questions involving the merits of the controversy,
have been argued by the counsel, both in the briefs sub-
mitted and at the bar.   In our view of the case it is needless
to examine them.   We have, therefore, given them no con-
sideration.

The reference to the auditor was not revoked and he
made no report.   For aught that appears to the contrary,
the case is still before him for the purposes specified in the
order.

The amended bill was filed without the leave of the court,

after the cause was regularly at issue. This was in violation of the 29th rule of equity practice prescribed by this court. That rule provides as follows:

"After replication filed the plaintiff shall not be permitted to withdraw it, and to amend his bill, except upon a special order of a judge of the court, upon motion or petition, after due notice to the other party, and upon proof by affidavit that the same is not made for the purpose of vexation or delay, or that the matter of the proposed amendment is material, and could not with reasonable diligence have been sooner introduced into the bill, and upon the plaintiff submitting to such other terms as may be imposed by the judge for speeding the cause."

If the defendants, without laches on their part, had moved the court to strike this bill from the files, it must have been done. After the testimony was taken, without the objection having been made, the case presented a different aspect. But even then such action should have been taken and such terms imposed as would have vindicated the rules of practice by which the court was governed and the regular order of proceeding. To hear the case without any order on the subject was a gross irregularity.

If the amended bill is to be considered as in the case, the omission to file replications to the answers of McGuire and Kibbreth was also an irregularity. The 66th rule is explicit on the subject. The replication is necessary to put the cause at issue. If the complainant omit to file it within the time limited the defendant is entitled as of course to an order for the dismissal of the suit, unless the court or a judge thereof, upon cause shown, shall allow it to be filed *nunc pro tunc* upon such terms as it may be deemed proper to impose.

Parties defendants are as necessary to cross-bills as to original bills, and their appearance in both cases is enforced by process in the same manner.* Without the aid of a cross-bill the court could not have decreed the sale of the property covered by the trust deed. It could only have dis-

---

\* 3 Daniell's Chancery Practice, 1747.

missed the bills of the complainants and have denied the relief sought.* But the cross-bill was a nullity. It was not before the court, and should have been stricken from the files. The complainants prayed for an injunction forbidding the trustees to sell. The court, upon the cross-bill, and according to its prayer, decreed a sale. This error is inevitably fatal to the judgment given.

It is hardly necessary to repeat the axioms in the equity law of procedure, that the allegations and proofs must agree, that the court can consider only what is put in issue by the pleadings, that averments without proofs and proofs without averments are alike unavailing, and that the decree must conform to the scope and object of the prayer, and cannot go beyond them. Certainly without the aid of a cross-bill the court was not authorized to decree against the complainants the opposite of the relief which they sought by their bills. That is what was done by the decree under consideration.

There is a large class of cases in which it has been held that objections not taken in the court below will not be allowed to be taken in this court. We do not intend to impugn this doctrine or to narrow the limits of its just operation. But where there is such a combination of errors, and errors of so grave a character as those which mark the record in the case before us, this principle can have no application.

DECREE reversed, and the cause remanded for further proceedings

IN CONFORMITY TO THIS OPINION.

---

* Wickliffe v. Clay, 1 Dana, 589; Canochan v. Christie, 11 Wheaton, 446; Eyre et al. v. Potter et al., 15 Howard, 56; Price v. Berrington, 7 English Law and Equity, 254.