### DUMONT and others *v.* FRY and others.

*(Circuit Court, S. D. New York. May 11, 1882.)*

1. EQUITY—JURISDICTION—REMEDY AT LAW.

   In a suit in equity, the objection that there is an adequate remedy at law raises a jurisdictional question, and which will be enforced by the court *sua sponte,* although not raised by the pleadings nor suggested by counsel; and even where the bill is framed so as to avoid the point, where it is apparent on the face of the bill that the remedy is at law, it is the duty of the court to decline jurisdiction and dismiss the bill.

2. SAME—RELIEF, WHEN NOT OBTAINABLE.

   Where the case made by the bill resolves itself into a controversy between complainants and defendant as to defendant's right to withhold from complainants certain city bonds, to which complainants have the legal title, and defendant no title whatever, it is not a controversy of equitable cognizance, but for an action at law for conversion, or in replevin, which affords a plain and appropriate remedy.

3. SAME—PARTIES—REPRESENTATIVE CAPACITY.

   That a party is sued in his representative capacity as trustee of a third party will not confer jurisdiction in equity where he does not bear such relation to the parties bringing the suit.

*E. A. Hutchins,* for complainants.

*Platt & Bowers* and *Man & Parsons,* for defendants.

WALLACE, C. J. The bill in this cause does not present a controversy which this court, sitting in equity, can entertain. It states a cause of action for which there is a plain and adequate remedy at law. The defendants have not demurred, but have answered, and do not even now raise the objection. But the court can only entertain the case made by the bill. As was said in *Washington R. R. v. Bradley,* 10 Wall. 299, 303: "It is hardly necessary to repeat the axioms in the equity law of procedure that the allegations and proofs

must agree; that the court can only consider what is put in issue by the pleadings; that averments without proofs, and proofs without averments, are alike unavailing; and that the decree must conform to the scope and object of the prayer, and cannot go beyond them." Story, Eq. Pl. §§ 10, 481.

The objection that there is an adequate remedy at law raises a jurisdictional question, and will be enforced by the court *sua sponte*, although not raised by the pleadings nor suggested by counsel. *Oelricks* v. *Spain*, 15 Wall. 211. Even where it is not apparent upon the face of the bill, but the bill is framed so as to avoid the point, if in looking at the proofs it appears that the case is one for which there is a plain and adequate remedy at law, it is the duty of the court to decline jurisdiction and dismiss the bill. *Lewis* v. *Cooks*, 23 Wall. 466.

There are precedents to the effect that it is too late to raise the question when the cause has gone to a hearing and the point has not been taken by demurrer or answer, but these precedents have not been followed in the federal courts. The case of *Wylie* v. *Coxe*, 15 How. 415, gives a partial sanction to such a rule by declaring "that it is too late to raise such an objection on the hearing in the appellate court, unless the want of jurisdiction is apparent on the face of the bill."

In the present case it is apparent on the face of the bill that the remedy is at law.

The bill alleges that the complainants are the owners of 232 bonds, of $1,000 each, issued by the city of New Orleans; that these bonds are in the possession of Fry, the trustee in bankruptcy of Schuchardt & Sons; that, although thereunto requested, Fry refuses to deliver the bonds to complainants; that Fry claims to hold the bonds as security for a pretended indebtedness owing from the assignees in bankruptcy of Caverre & Sons and from the receiver of the New Orleans Banking Association; that in fact the bonds were never hypothecated for any such indebtedness; that a sum of money is now on deposit in the Union Bank of London which belongs either to Fry or to the receiver of the New Orleans National Banking Association, and should be applied to the reduction of the alleged indebtedness for which Fry claims to hold the bonds as security; that several other persons who are made defendants "claim to have liens upon the said bonds or some portion thereof, or claims affecting the said bonds, the exact amount whereof your orators are ignorant, and the validity of which your orators dispute." The prayer of the bill is that Fry shall be

adjudged to deliver the bonds to the complainants, and that the rights of Fry and the receiver of the New Orleans Banking Company to the money in bank in London may be settled, and the deposit applied where it may belong.

Inasmuch as the complainants do not allege that they have any interest in the controversy between Fry and the receiver of the New Orleans Banking Association as to the deposit in the London bank, or that their rights are in any manner involved in that controversy, and nothing appears by which such a conclusion is suggested or can be inferred, all the allegations in regard to that controversy, for present purposes, may be deemed eliminated from the bill. The same may be said of the allegations in regard to the claims of the other defendants. It is not alleged, and nothing in the bill authorizes the inference, that such defendants have any control over the bonds, or any apparent or colorable title thereto, or interest therein. No relief is prayed for as to such defendants. If it had been, it can hardly be supposed the court would undertake to adjudicate upon the merits of the naked assertion of these defendants.

The case made by the bill, when analyzed, resolves itself into a controversy between the complainants and the defendant Fry as to Fry's right to withhold from the complainants the bonds to which complainants have the legal title, and Fry no title whatever. This controversy is not of equitable cognizance. An action at law for conversion, or in replevin, is the plain and appropriate remedy. If, indulging in surmise, it should be assumed that the defendants other than Fry have some interest in these bonds, as between themselves and Fry, which they may be able to assert against the complainants if the complainants recover against Fry, the case is no stronger. If the complainants are the owners of property which another wrongfully withholds, their cause of action at law is not changed into one of equitable cognizance because there are other parties who may assail their title after it has been established against him who wrongfully invades it, unless there are present some of the peculiar incidents which authorize the intervention of a court of equity. *Hipp* v. *Babin*, 19 How. 271.

The fact that Fry is sued as a trustee was suggested on the argument. The reply is, he is not sued as a trustee for the complainants, and no element of trust appears in the controversy set forth in the bill. He is sued in his representative capacity as a trustee in bankruptcy of Schuchardt & Sons, for acts for which he is liable personally, upon the theory of the bill.

Looking outside of the pleadings into the proofs, enough appears to indicate that if the complainants had asserted an equitable title to the bonds, the extent of which is to be determined by ascertaining and settling the rights of various other parties, the jurisdiction would have been properly invoked. The defendants Fry and Saborde and Reynes seem to have supposed that an answer instead of a cross-bill entitles them to affirmative relief. It is much to be regretted that the parties, all of whom are interested in a speedy settlement of the controversy, should have been subjected to the delay and expense of this fruitless proceeding.

The bill is dismissed for want of jurisdiction, without costs.