## WHITE v. BOWER.

*(Circuit Court, S. D. Georgia, E. D.   October 17, 1891.)*

EQUITY PLEADING — ANSWER AND CROSS-BILL — AFFIRMATIVE RELIEF — STATE PRACTICE.

> Equity procedure in the United States courts is not affected by the laws of the states in which the courts are held; and therefore, in a suit for accounting, discovery, and other relief, the defendant cannot obtain affirmative relief by an "answer in the nature of a cross-bill," drawn in accordance with the state practice. Under equity rule 90, affirmative relief must be sought by cross-bill, as in the English high court of chancery.

In Equity. Bill for accounting, discovery, and other relief. On exceptions to answer.

*R. R. Richards* and *Jos. A. Cronk*, for complainant.
*Denmark, Adams & Adams* and *W. M. Hammond*, for respondent.

SPEER, J. The plaintiff filed his bill against the respondent on the 3d of July, 1889. The prayers are for accounting, discovery, and other

relief, with reference to disputed matters growing out of the management of what is known as the "Piney Woods Hotel," in Thomasville, in this state. It is not necessary at this stage of the proceedings to state more at large the nature of the plaintiff's suit. The respondent at September rules, 1889, filed an "answer in the nature of a cross-bill." In this affirmative relief against the plaintiff is sought.

This proceeding appears to have been adopted to accord with the practice of the state courts as defined by section 4181 of the Code of Georgia, the language of that rule being as follows :

"A cross-bill need not be filed in this state. The defendant in every case may set up any matter in his answer which under the English practice should be the subject of a cross-bill, and may require therein any discovery from the complainant he may desire."

The respondent has excepted to that part of the answer which purports to be a cross-bill against the complainant, "upon the ground that such matter constitutes no answer to said bill, or to any part thereof, and, if appropriate subject-matter of a cross-bill, the same should be propounded separately from said answer in and by suitable allegations and prayers, according to the rules and practice in equity." The exceptions were set down for argument, and the argument had, and, having taken time to consider the same, the court has concluded that the exceptions must be sustained, and all portions of defendant's answer by which the affirmative action of the court in her behalf is sought must be stricken.

In *Ford* v. *Douglas,* 5 How. 166, 167, where an answer in the nature of a cross-bill had been filed, Mr. Justice NELSON, in rendering the decision, observed :

"It is said that in some of the western states an answer like the one in question would be regarded in the nature of the cross-bill, upon which to found proceedings for the purpose of setting aside the fraudulent conveyance. But the practice in this court is otherwise, and more in conformity with the established course of equity. We are of the opinion, therefore, that the appellant mistook his rights in attempting to raise the question of fraud in the probate sales in his answer to the injunction bill, and that instead thereof he should have filed a cross-bill, and have thus instituted a direct proceeding for the purpose of setting aside the sales."

See, also, 2 Daniell's Ch. Pr. 1647.

This is unquestionably the rule of the English high court of chancery, and equity rule 90 of this court provides :

"In all cases where the rules prescribed by this court or by the circuit court do not apply, the practice of the circuit court shall be regulated by the present practice of the high court of chancery in England, so far as the same can reasonably be applied consistently with the local circumstances and local conveniences of the district where the court is held, not as positive rule, but as furnishing just analogies to regulate the practice."

The state statute upon this subject does not help the answer.

In *Noonan* v. *Lee,* 2 Black, 499–509, it is held that—

"The equity jurisdiction of the courts of the United States is derived from the constitution and laws of the United States. Their powers and rules of decision are the same in all the states. Their practice is regulated by them-

selves, and by the rules established by the supreme court. This court is invested by law with authority to make such rules. In all these respects they are unaffected by state legislation." *Neves* v. *Scott*, 13 How. 270; *Boyle* v. *Turner*, 6 Pet. 658; *Robinson* v. *Campbell*, 3 Wheat. 223.

It follows, therefore, that to obtain the benefit of her averments, and of the prayers set out in the answer seeking affirmative action against the plaintiff, the respondent should have filed a cross-bill in accordance with the rule. *Railroad Co.* v. *Bradleys*, 10 Wall. 299.

Let order be taken in accordance with this holding.