WOOD et al. v. COLLINS et al.

(Circuit Court of Appeals, Fifth Circuit. February 13, 1894.)

No. 186.

1. APPEAL—SUFFICIENCY OF EVIDENCE—FINDINGS OF COURT.
   On a bill to restrain an action of trespass to try title it is immaterial whether complainant did actually admit that respondent was the owner of a certain patent title to the land, as it stated in the findings that he did, when there is sufficient evidence in the case to show that respondent was the owner of such title.

2. PUBLIC LANDS—PRE-EMPTION—PROOF OF OCCUPANCY.
   Under the Texas land laws, the pre-emptor of land loses his right thereto, as against a subsequent patentee, where he fails to file the required proof of his occupancy in the land office before such patentee locates his certificate.

3. EQUITY—DECREE—CROSS BILL.
   On a bill to restrain an action at law to try title to land, where the court dismisses the bill and dissolves the preliminary injunction granted in the cause, it is error to decree further that respondent should recover the land in question from the complainant, and should have a writ of possession for the same, in the absence of a cross bill praying such affirmative relief.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

In Equity. Bill filed by J. F. Wood and others against John S. Collins and others. There was a decree for respondents, and complainants appeal.

This suit was brought by appellants by bill in equity to restrain prosecution of a suit at law instituted by appellees on the law side of the docket against appellants to recover 320 acres of land in McLennan county, Tex., patented to the heirs of W. P. Johnson, December 12, 1872, upon a location and survey made in 1871. Appellants allege in their bill that they have the equitable title to the same land, derived by regular chain of transfer from J. D. Bivens, who settled the same as a pre-emptor in January, 1853, under the pre-emption laws of Texas, at the time when it was vacant, and subject to pre-emption; that Bivens, and those succeeding him by transfer from him, occupied, improved, and cultivated the land the time required by law to entitle him to a patent: that they had the land surveyed, field notes recorded and returned to and filed in the land office at Austin, made proof of occupancy, etc., February 14, 1857, which was filed in the land office January 25, 1875, and did every act required by law to entitle him to patent, but that patent did not issue because of the said Johnson patent. They prayed for cancellation of said Johnson patent, and that complainants' title be decreed to be a good, equitable title to said land, and that it be perfected into a legal title, and for a writ of injunction in the form prescribed by law enjoining and restraining the defendants herein and plaintiffs in said suit at law, and each of them, from further prosecuting said suit at law against complainants, and from offering, using, or introducing in evidence in said suit at law the said patent, until the rights of complainants in the premises can be fully inquired into. Appellees herein answered said bill, denying all the allegations therein;

claimed title under said Johnson patent; prayed that the injunction be dissolved; and, if the court retains the cause, respondents pray for a judgment and decree in their favor, and for special and general relief.

On the trial of the case judgment was rendered in favor of respondents, the injunction before granted dissolved, and writ of possession awarded respondents for two-thirds of the land. The court reduced its findings of law and fact to writing, and they appear in the record, from which it will be seen that the findings of fact are as alleged in complainants' bill, except as to the time Bivens settled on the land in controversy; the court finding that the settlement was made in the year 1853, prior to December 21st, and after February 7th. The court's conclusions of law are all in line with appellants' claim in their bill, except that the court, in effect, holds that the Bivens pre-emption right was lost by the failure to file in the land office at Austin the proof of occupancy prior to the location of the Johnson certificate; and upon these conclusions is based the judgment in favor of respondents.

From the judgment complainants appealed, and, among others, assign the following errors: "(2) The court erred in rendering judgment in favor of defendants for the land in controversy, and awarding a writ of possession for the same, because complainants are thereby cut off from their legal defenses against the action of respondents on the law docket of this court, or limitations or claims for improvements made in good faith, which they intended to and could interpose in said suit at law; and because respondents did not prove title in themselves to the land in controversy. (3) The court erred in finding in favor of respondents, because the court did not find as a fact that the land in controversy was in the Mississippi and Pacific Railroad reserve, and respondents' claim of paramount title over complainants' equitable title was put upon the ground that said land was in said reservation. (4) The court erred in holding and deciding that the holders under the Bivens pre-emption claim lost their right because the proof of occupancy was not filed in the land office until after the W. P. Johnson certificate was located, and on that account deciding the whole case in favor of respondents. (5) The court erred in holding and deciding that the law does now, or ever did, fix any time within which a pre-emptor must file his proof of occupancy in the land office. (6) The court erred in rendering judgment other than that the injunction be dissolved and the complainants' bill be dismissed, and for costs, because all other questions than those presented by complainants' bill ought to be decided and determined in the suit at law now pending between the parties, wherein complainants herein ought to be permitted to make every legal defense available to them, and which the decree in this cause prevents them from making."

Harris & Saunders and E. H. Graham, for appellants.

Robertson & Davis and W. S. Kincheloe, for appellees.

Before PARDEE and McCORMICK, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts). The appellants do not complain of the correctness of the facts as found by the trial court, except in two respects: First, the finding that J. D. Bivens, under whom appellants claim title, settled upon the land in controversy with the intention of claiming it as a pre-emption some time in the year 1853, some time after February 7th and before December 21st of that year; and, second, the finding that it was admitted on the trial that the defendants below, appellees here, are the owners of the W. P. Johnson title to the land in controversy. Our examination of the evidence in the case leads us to the same conclusion as that reached by the trial judge, i. e. that J. D. Bivens did not settle upon the land in controversy with the intention of claiming it as a pre-emption until the fall of 1853. The parol evidence offered as to the date of Bivens' settlement and of the

survey made by Bigham for him is not sufficient to overcome the documentary evidence in the case. Bigham's evidence does not go far enough to warrant us in concluding that the dates of the survey and field notes coming from the records of the Milam land district were changed from January, 1853, to January, 1854, particularly as the said Bigham does not explain the dates of the survey found in the general land office, nor the date of the affidavit of Bivens, purporting to come from the land office of Milam district, wherein said Bivens swears that he settled on the land before the 21st day of December, 1853. The record does not show that the appellants expressly admitted on the trial in the court below that the defendants in the court below (appellees here) are the owners of the W. P. Johnson title to the land in controversy, and we have no way of ascertaining whether such admission was made or not, except to take the finding of such fact by the trial judge. Whether it was expressly admitted or not seems to be immaterial, because the appellants' bill of complaint impliedly admits that the appellees were the owners of the Johnson title; and, in addition to this, the evidence taken in the case proves it.

As a conclusion of law based on the facts of the case, the appellants complain that the court below erred in holding and deciding that the holders under the Bivens pre-emption claim lost their right, because the proof of occupancy was not filed in the land office until after the W. P. Johnson certificate was located, and, on that account, deciding the whole case against the appellants. On this matter, the learned judge of the court below held:

"There runs through all of the pre-emption laws of Texas a requirement that the pre-emptor shall do the following things to perfect his title: First, he must designate his land; second, he must have it surveyed; third, he must return his designation and field notes to the land office; fourth, he must prove his three-years occupancy, and lodge that proof in the land office at Austin. See 1 Pasch. Dig. arts. 4335–4370; 2 Pasch. Dig. art. 7046; Rev. St. Tex. arts. 3937–3946. The occupancy as a homestead for three years was the substance of the whole matter, and while that continued the preemptor was again and again allowed by the state further time to have his survey made, and take the succeeding steps to perfect his title. The time within which he might do this was not construed as an absolute limitation of time, but, where there was no file or intervening right he still might have his survey made or take the succeeding steps. Kohlhass v. Linney, 26 Tex. 333. A sound public policy as well as the law demanded that the evidence of the three-years occupation of the land required of the pre-emptor should be placed in the general land office, as well to preserve harmony in the land laws of the state as to protect innocent locators. This requirement is found in nearly all the pre-emption laws of the state. See 1 Pasch. Dig. arts. 4336, 4343, 4344, 4359, and 4363. See, also, 2 Pasch. Dig. arts. 7045 and 7046. See, also, Rev. St. Tex. arts. 3944 and 3945."

We are not prepared to say that this was erroneous, but, on the contrary, we are inclined to the opinion that the reasoning and conclusions are sound, and that the adjudged cases are not in conflict. Where there is a failure to return to the land office proof of occupancy, and to pay the office fees, and there is also an abandonment of the land, we think that an entirely different case is presented from that of O'Neal v. Manning, 48 Tex. 403, which was a case where the pre-emption claim had been actually perfected by designa-

tion and survey, actual residence for the time prescribed by the statutes, return of field notes, with affidavits as to residence, and payment of the purchase money, and where it was held that abandoning the place after the claim had attached by a substantial compliance with the law was not an abandonment of the claim, nor any evidence of it. Nor do we find anything in Miller v. Moss, 65 Tex. 179, relied upon by appellants, which conflicts with the ruling of the circuit court. In that case the defendants settled on the land in controversy and made improvements with the knowledge of the plaintiffs, and an alleged intended abandonment was urged without success by defendants as an estoppel. A somewhat extended examination of adjudged cases in the Texas Reports fails to give any case where any pre-emptor who had failed to make a substantial compliance with the requisites of the Statutes, and who had abandoned the land, has been held to retain any equity against a subsequent locator in good faith. In addition to cases cited, see Lewis v. Mixon, 11 Tex. 568; Cravens v. Brooke, 17 Tex. 269; Jennings v. De Cordova, 20 Tex. 508; Kohlhass v. Linney, supra; Tecl v. Huffman, 21 Tex. 781; Fowler v. Allred, 24 Tex. 185; Spier v. Laman, 27 Tex. 205.

The appellants complain of the decree rendered in the court below, which not only dismissed complainants' bill with costs, but was also in favor of the defendants (appellees here) for the land in controversy, and awarding a writ of possession for the same, because, they say, the appellants in the action originally brought on the law docket of the court are thereby cut off from their legal defenses of limitations and claim for improvements made in good faith, which they intended to and could interpose in said suit at law. The record shows that after bill, answer, and replication both the complainants and the defendants amended their pleadings, in form and substance, in total disregard of the equity rules, but did not thereby enlarge their respective prayers for relief, nor at any time did the defendants file any cross bill asking affirmative relief. The rule appears to be well established that, in order to entitle a defendant in equity to affirmative relief, he should file a cross bill, which should be regularly served, put at issue, and heard as any original bill. Ford v. Douglas, 5 How. 143–167; Railroad Co. v. Bradleys, 10 Wall. 299; White v. Bower, 48 Fed. 186. Railroad Co. v. Bradleys, supra, is a very interesting case in connection with the irregularities in pleading that appear in the instant case. Mr. Justice Swayne, delivering the opinion of the court, says:

"Parties defendants are as necessary to cross bills as to original bills, and their appearance in both cases is enforced by process in the same manner. Without the aid of a cross bill the court could not have decreed the sale of the property covered by the trust deed. It could only have dismissed the bills of the complainants, and have denied the relief sought. But the cross bill was a nullity. It was not before the court, and should have been stricken from the files. The complainants prayed for an injunction forbidding the trustees to sell. The court, upon the cross bill, and according to its prayer, decreed a sale. This error is inevitably fatal to the judgment given. It is hardly necessary to repeat the axioms in the equity law of procedure that the allegations and proofs must agree, that the court can consider only what is put in issue by the pleadings, that averments without proofs and proofs with-

out averments are alike unavailing, and that the decree must conform to the scope and object of the prayer, and cannot go beyond them. Certainly, without the aid of a cross bill, the court was not authorized to decree against the complainants the opposite of the relief which they sought by their bills. That is what was done by the decree under consideration."

The decree of the court below, in going further than dismissing complainants' bill with costs and dissolving the injunction previously issued, and in so far as it adjudged that the defendants should have and recover from the complainants the land in controversy, and have a writ of possession for the same, was clearly erroneous, and should be reversed; but we do not think that we need reverse the whole decree, as we can fully protect the rights of all parties by amending and affirming the same decree. Therefore the following decree will be entered: It is ordered, adjudged, and decreed that the decree of the circuit court appealed from in this case be, and the same is hereby, amended by striking therefrom and annulling all that portion which adjudges that the defendants, John S. Collins, E. A. Collins, Nettie Collins, Mary Franklin, joined by her husband, James Franklin, and Annie Cleveland, and her guardian, W. T. Cleveland, do have and recover of and from the complainants, to wit, J. F. Wood, J. T. Wood, Charles Howard, and P. M. Kuydendall, the land in controversy, and awarding writ of possession for the same. It is further ordered, adjudged, and decreed that the decree appealed from, as above amended, be, and the same is hereby, affirmed, the appellees, however, to pay the costs of appeal, for which let execution issue in the circuit court in due course.