## OWENS v. HEIDBREDER.

### (Circuit Court of Appeals, Fifth Circuit. January 26, 1897.)

### No. 535.

ACTIONS AT LAW AND SUITS IN EQUITY—FEDERAL COURTS.

The distinction between actions at law and suits in equity in the United States courts is not one of form merely, but of vital substance, and a purely legal action cannot be converted into a suit in equity, or become entitled to be heard as such, by the answer of a defendant asserting equitable rights; but a defendant who has such rights, which he is entitled to enforce against the plaintiff, should resort to equity to arrest or stay the action at law.

In Error to the Circuit Court of the United States for the Northern District of Texas.

M. L. Morris and W. M. Crow, for plaintiff in error.

W. H. Clarke, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

McCORMICK, Circuit Judge. George L. Heidbreder, the defendant in error, brought on January 31, 1896, the Texas statutory action of trespass to try title against George W. Owens, the plaintiff in error, to try the title to the premises described in the pleadings, and for damages claimed. On January 13, 1894, the premises were the property of the Crystal Ice Company, and consisted of a lot of ground, with the proper structures thereon to constitute a plant for the manufacture of ice, for which purpose the plant had been operated by a former owner, but the operation had been discontinued for a time. To discharge an incumbrance on the property, and to put the plant again in operation, the Crystal Ice Company desired to borrow $6,000 on it, negotiated with the defendant in error, and obtained the money, giving therefor its coupon notes maturing at different dates, and a deed of trust on the premises to secure these notes. Default was made in the payment of the notes, and the trustee duly sold the property. The defendant in error purchased at the sale, and received his conveyance May 7, 1895. After January 13, 1894, the Crystal Ice Company procured materials and the labor of mechanics from the plaintiff in error and others in repairing its plant, and in making an inconsiderable addition to one of the structures, on the accounts for which unpaid balances were due in July, 1894. These were duly fixed as liens under the statute, by the respective parties. Suit thereon was entered in one of the state courts. Successive receivers were appointed in that suit. It pro-

ceeded to judgment foreclosing the liens, to satisfy which the property was duly sold by the receiver, purchased by the plaintiff in error, and delivered into his possession as such purchaser. The defendant in error was not a party to these proceedings. On May 28, 1896, the defendant below, the plaintiff in error here, filed this motion:

"Now comes defendant in the above entitled and numbered cause, and, referring to his first amended original answer filed herein on the 1st day of June, 1896, adopts same, and makes it a part of this motion, and shows to the court that there are issues to be submitted and determined in this cause that require that it should be transferred to the equity docket; wherefore defendant prays the court to transfer this cause to the equity docket, and that the plaintiff be enjoined from further prosecuting this suit on the law docket until all issues in equity have been fully settled and determined; and will ever pray."

The answer referred to in this motion presents (1) a general demurrer; (2) general denial; (3) plea of not guilty; after which the acquisition of the liens and the proceeding to enforce them and the result of that proceeding are set out in the answer. Then the answer concludes thus:

"Wherefore he says he has title to all said property and is entitled to the possession of the same, or, if he is not allowed to hold the lot of land, then he says he has title to the house and machinery on said premises, and is entitled to remove the same; or, if this relief is denied him, then he prays in the alternative that he has a prior and superior lien on said property to that of plaintiff, and that his said lien is still in full force and effect as against the plaintiff herein to the amount of said debt of $417.27, and his bid of $1,000 at his purchase under said foreclosure sale, with his interest on the same. All of which defendant is ready to verify and puts himself upon the country. Wherefore he prays judgment for title and possession of said land and the houses, machinery, and all improvements thereon; or, if he is denied a recovery of the land, then he prays that he be awarded the houses, machinery, and all improvements thereon, and be allowed to pay plaintiff the value of the lot of land; else that he be allowed a reasonable time in which to remove the houses, machinery, and improvements from said premises; or, if this relief is denied him, then he prays that this cause be removed to the equity docket of this court, and that all matters between plaintiff and defendant as affecting the priority of their respective liens on said property be adjudicated and settled, and that the lien of defendant for $417.27 and $1,000 be declared superior to the lien of the plaintiff on said lot of land, houses, and machinery, and as to so much of said $1,000 as went to pay receiver's certificates issued to pay interest on the debt of plaintiff against the Crystal Ice Co.; that defendant be subrogated to the rights of plaintiff, and have foreclosure of his lien on said lot of land, for costs, and all general and special relief in law or in equity to which defendant is entitled under the facts."

The first assignment of error is that the court erred in refusing to transfer this cause to the equity docket. If, instead of an action of trespass to try title, the suit had been in equity to foreclose a lien upon the premises, the defendant in the bill could not have had affirmative relief without asking the same by a cross bill. We said in Wood v. Collins, 8 C. C. A. 525, 60 Fed. 142, that the rule appeared to be well established that, in order to entitle a defendant in equity to affirmative relief, he should file a cross bill, which should be regularly served, put at issue, and heard as any original bill; citing Ford v. Douglas, 5 How. 143–167, Railroad Co. v. Bradleys, 10 Wall. 299, and White v. Bower, 48 Fed. 186; and quoting from Railroad Co. v. Bradleys, supra: "Parties defendants are as necessary to cross bills as to original bills, and their appearance in both cases is en-

forced by process in the same manner." The distinction between actions at law and suits in equity in United States courts is not one of form merely, but of vital substance. An action of trespass to try title in the statutory form in Texas cannot be converted into a suit in equity by the answer of a defendant. Plaintiff below brought a purely legal action. If the defendant had equitable rights which he was entitled to enforce against the plaintiff below, he had a clear, adequate course of procedure to arrest or stay the action at law until his equities could be adjudged by the circuit court. He omitted to do this, and will not be heard to urge that the court erred in refusing what the court would have erred to grant.

The other assignments of error become immaterial. The objections taken to the ruling of the court in reference to admitting and rejecting testimony are fully answered by the view here presented of the case as it stood in the circuit court. We do not feel called upon or justified in this case to express any view with reference to the relation of the liens claimed by the plaintiff in error. It is sufficient to say, as we have already said, that his pleading in the circuit court does not present that question. The judgment of the circuit court is therefore affirmed.