## BEAVERS v. C. A. RICHARDSON & CO. et al.

(Circuit Court, W. D. Texas, W. D. October 7, 1902.)

No. 255.

1. EQUITY PLEADING—AMENDMENT OF BILL AFTER REPLICATION.

An application for leave to amend a bill, after replication filed, must conform to the requirements of equity rule 29, and such leave will not be granted upon a motion not supported by affidavit as required by such rule.

In Equity. On motion for leave to amend bill.

The bill in this cause was filed by the plaintiff to restrain C. A. Richardson & Co. and the Bradley Gin-Saw Filer Company from prosecuting a suit at law until the determination by this court of the question of the validity of certain letters patent. Original and amended answers have been filed by the defendants, as well as a replication by the plaintiff, and the testimony of a number of witnesses has been taken. The plaintiff, desiring to amend his bill, has filed the following motion, signed by counsel, but not verified by affidavit: "Now comes J. M. Beavers, complainant herein, and asks leave of the court to file the attached amendments to the bill of complaint; and he shows to the court that by reason of the amendment made to the original answer of the defendants, and the testimony of the defendants' witnesses, already taken in this cause, the complainant is justly entitled to amend his bill of complaint, as proposed in the attached amendments, and he prays the court that he be allowed to file the same." Leave has not been granted to file the amendments proposed, but the paper embodying the amendments bears the following file mark of the clerk: "Filed 7th day of October, 1902."

A. L. Jackson, for the motion.
J. W. Davis, opposed.

MAXEY, District Judge. The motion of the plaintiff is wholly insufficient to accomplish the purpose sought. By the twenty-ninth rule in equity it is provided:

"But after replication filed the plaintiff shall not be permitted to withdraw it and to amend his bill, except upon a special order of a judge of the court, upon motion or petition, after due notice to the other party, and upon proof by affidavit that the same is not made for the purpose of vexation or delay, or that the matter of the proposed amendment is material, and could not with reasonable diligence have been sooner introduced into the bill, and upon the plaintiff's submitting to such other terms as may be imposed by the judge for speeding the cause."

It will be seen at a glance that the plaintiff has failed to observe the requirements of the rule, and it is needless to remark that the rules of practice prescribed by the supreme court should be respected and properly enforced. Railroad Co. v. Bradleys, 10 Wall. 299, 19 L. Ed. 894. Obedience to their mandates will save labor to counsel and avoid confusion and unnecessary delays in the prosecution of causes. In the present case the motion of the plaintiff, being unsupported by an affidavit embodying the essential requisites of rule 29, must be denied. And, it appearing that the amendment was improvidently filed, it will be stricken from the files, without prejudice, however, to the right of the plaintiff to submit a motion or petition in proper form if he be so advised.

Ordered accordingly.