## HILL et al. v. RYAN GROCERY CO. et al.

(Circuit Court of Appeals, Fifth Circuit. December 22, 1896.)

### No. 498.

1. CONSTRUCTION OF INSTRUMENTS — FRAUDULENT CONVEYANCES — ASSIGNMENTS FOR CREDITORS AND DEEDS OF TRUST.

Whether two instruments, in any case, shall be considered as one, and construed together, depends on the nature of the transaction; the relation of the writings to each other; the time of, and the circumstances attending, their execution; and, as applied to deeds of trust and assignments, executed pursuant to the Mississippi statutes, whether the one was made in support of the other, and had the taint of actual or constructive fraud.

2. FRAUDULENT CONVEYANCES—ASSIGNMENT FOR CREDITORS.

Where a deed of trust was accepted by the grantee as security for an actual indebtedness, in good faith, and in ignorance, until some hours later, of an assignment for benefit of creditors made by the grantor about the same time, *held*, that the two instruments were to be regarded as separate and distinct, and that the trust deed was valid.

**3. SAME—RETENTION OF CHATTELS BY GRANTOR.**

A deed of trust upon farming implements, teams, cotton, and crops for the ensuing year, to secure a debt in excess of their value, *held* not void, as hindering and delaying other creditors, merely because it provided for the retention of the implements and teams of the grantor until the new crops could be made.

**4. SAME—EXTENSION OF TIME OF PAYMENT.**

The fact that a deed of trust given to secure an existing debt extends the time of payment for a year does not, in Mississippi, make the instrument void as hindering or delaying other creditors, for they may at any time proceed to sell the equity of redemption.

**5. EQUITY PRACTICE—AFFIRMATIVE RELIEF TO DEFENDANT—PLEADING.**

A court of equity has no power, merely upon an answer, and in the absence of a cross bill, to make a decree granting affirmative relief to the defendant.

Appeal from the Circuit Court of the United States for the Northern District of Mississippi.

The appellants, Hill, Fontaine & Co., complainants in the circuit court, filed their bill against A. L. Crow, R. L. Armstrong, D. O. Andrews, and the Ryan Grocery Company to set aside and have canceled certain instruments which, it is alleged, were made by Crow to hinder and delay his creditors. On December 1, 1891, Crow was indebted to appellants in the sum of $3,900.59. And it is alleged that on the —— day of November, 1891, Crow, intending to delay, hinder, and defraud his creditors, conspired with the Ryan Grocery Company and Andrews to effectuate his fraudulent purpose, and, in pursuance thereof, executed a deed of trust in favor of the grocery company, in which Andrews was named trustee; conveying thereby certain lands, live stock, cotton, cotton seed, farming imp'ements, and crops to be raised on the farm during the year 1892. It is charged that the trust deed was made to secure a pretended and largely fictitious indebtedness due by Crow to the Ryan Grocery Company. And, further, it is alleged that, at the time of the making of the trust deed, Crow executed a bill of sale for a quantity of corn, worth $400, and delivered to the grocery company a number of notes and accounts, as collateral, to secure the indebtedness. The bill charges that, contemporaneously with the execution of the instruments above mentioned, Crow executed a deed of assignment to appellee Armstrong, conveying his stock of goods, wares, and merchandise, and certain notes and accounts; and, as to all these transfers, it is alleged they were in fact fraudulent and void as to Crow's creditors, and that Andrews, Armstrong, and the grocery company each had notice of the fraudulent character of the trust deed, of the bill of sale, of the transfer of the collateral, and of the deed of assignment. It is further alleged that on the 1st day of December, 1891, the complainants sued out a writ of attachment, and had the same levied upon "said stock of goods, wares, and merchandise, and said horses and mules," and other property, which the bill specifically describes. It is not necessary to enumerate this property, as there is a stipulation in the record that the property levied on by the United States marshal, and afterwards sold by the receiver, was the property embraced in the deed of trust executed by Crow to Andrews, trustee. The bill further alleges that the attachment was prosecuted to judgment against Crow; that in the proceeding a claim was propounded by Armstrong, assignee, for the stock of goods, and the notes and accounts garnished, and upon the trial the assignment was declared fraudulent and void, and the property condemned to pay the debt of appellants. It is further charged that the Ryan Grocery Company and Andrews propounded a claim for other personal property levied upon, but the claim was withdrawn without adjudication. The remainder of the bill is given in the words of the pleader: "The Ryan Grocery Company and the said D. O. Andrews, trustee, claim and pretend that the bill of sale and the trust deed vested good title in them to the property therein described, when in truth and in fact both of said instruments were fraudulent and void; but, remaining of record and in existence, they cast a cloud, and invest with doubt and suspicion the title of A. L. Crow to said property described in said instrument. In order, therefore, that the property may sell for fair price, and in order that it may sell for enough to pay the balance due on complainants' debt now in judgment, and which it will not do if said cloud remains over said title, complainants pray, first, that said D. O. An-

drews, trustee, the Ryan Grocery Company, A. L. Crow, R. L. Armstrong, assignee, may each and all of them be made parties defendant to this bill, and served with proper process here, and that upon the hearing upon this cause the court may decree that said trust deed be canceled, as fraudulent and void, and that said bill of sale be declared void; that the transfer of said collateral be declared fraudulent, and that said deed of assignment be held void, and all of said property be declared subject to the payment of complainants' debts, clear of all doubts, clouds, and suspicions; that in the meantime a receiver of this court be appointed to take possession of all of said personal property now remaining in the hands of the marshal, and sell the same, and hold the proceeds subject to the further orders of this court. And, for such general relief as may be proper in the premises, complainants, as in duty bound, will ever pray." All the parties defendant filed answers, which need not be set out. Nor is it necessary to insert here copies of the deed of trust and assignment. The record is somewhat obscure, but it appears that a receiver was appointed by the court, and that he sold the property delivered to him by the marshal. The cause was heard on the pleadings and proofs, and a decree rendered dismissing the bill, ordering the receiver to pay over to Andrews, trustee, the sum of $666, as proceeds of sale of the property, and further ordering "that an execution do issue in favor of the O. R. Ryan Grocery Company against the said Hill, Fontaine & Co. for the sum of two hundred and fifty ($250) dollars, the same being the value of said 500 bushels of corn used by and fed to said live stock levied upon under said attachment." From that decree, Hill, Fontaine & Co. prosecute this appeal.

W. V. Sullivan, for appellants.

Wm. C. McLean, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). Appellants claim there was error on the part of the circuit court in the following particulars:

"(1) The court erred in not construing the deed of trust and the deed of assignment as one instrument. (2) The court erred in not holding the instrument, thus construed, fraudulent and void, both in law and in fact. (3) The court erred in not holding the deed of trust fraudulent and void because it appeared that at a time when A. L. Crow, the merchant debtor, defendant, was insolvent, he stipulated for the retention of the greater portion of his assets for a period longer than, by the ordinary process of law, plaintiffs could have made their debt on execution. (4) The court erred in holding that the deed of trust was valid, when taken in connection with the bill of sale of corn and other property, because it affirmatively appeared that a large part of the property to be retained was consumable by its use. (5) The court erred because the proof was not sufficient to justify or sustain the decree."

The first and second specifications of error may be disposed of together. Whether two instruments should, in a given case, be held as one, and construed together, depends upon the nature of the transaction, the relation that the one bears to the other, the time of, and circumstances attending, their execution, and, as applied to deeds of trust and assignments executed pursuant to the statutes of Mississippi, whether the one was made in support of the other, and had the taint of actual or constructive fraud. Employing the language of the court in Sells v. Commission Co., it is said:

"In Mayer v. McRae, this court held that 'where one makes an assignment of part of his estate for the benefit of creditors, intending at the time to convey the remainder of his estate to another creditor in payment of his debt to such other, the assignment and conveyance do not constitute a general assignment, under chapter 8 of the Code; nor is the assignment, alone, such general assignment,

to be dealt with under the Code provisions.' We approve and adhere to the principle announced in this decision. All these matters must be governed by the statutes, jurisprudence, and policy of the state where the acts are done; and here, wherever two or more instruments are held as one, it has been where one was executed in support of another, and had the taint of actual or constructive fraud." 72 Miss. 606, 17 South. 238.

The case of Mayer v. McRae, cited above, will be found reported in 16 South. 875.

Whether the deed of trust to Andrews, trustee, was made in support of the assignment executed by Crow to Armstrong for the benefit of Crow's creditors, and whether the transaction bears the taint of fraud, are questions of fact, which could only be developed by proof aliunde the instruments themselves. And, owing to the manner in which they were presented at the hearing, the circuit court was clearly warranted in considering the two deeds as separate and distinct instruments. The bill of complaint does not waive an answer under oath. There were two joint and several answers,— one by Crow and Armstrong, and the other by Andrews and the Ryan Grocery Company. Both answers were duly sworn to,—the first by Crow and Armstrong, and the second by Andrews and T. R. Waring; the last named, a member of the Ryan Grocery Company. The answers denied specifically and in detail the charges of fraud and collusion contained in the bill, and set out circumstantially the facts in reference to the execution of both instruments. It is averred that the debt due by Crow to the Ryan Grocery Company was a valid, subsisting indebtedness on the 30th day of November, 1891, the date of the execution of the two instruments, no part of which was fictitious, and that the trust deed and transfer of divers claims against tenants were made in good faith to secure the same. As to the 500 bushels of corn alleged in the bill to have been delivered to the grocery company in pursuance of a pretended sale, the answers aver that it was sold by Crow in good faith to the grocery company at 50 cents per bushel, and the indebtedness of Crow was thereby extinguished, to the extent of $250. It is claimed in the bill that:

"The bill of sale, the trust deed, and transfer of the collateral, the execution of the deed of assignment,—each and every one of these acts and transfers,— were, as to A. L. Crow, in fact fraudulent, and the conveyances void as against complainant and the other creditors of the said A. L. Crow; that the said Andrews and Armstrong and the Ryan Grocery Company each had notice of the fraudulent character of the trust deed, of the bill of sale, of the transfer of the collateral, of the deed of assignment."

Replying to this charge of knowledge on the part of Andrews and the grocery company as to the character of the assignment, it is averred in their answer that:

"They were not parties to it, had nothing to do with its execution, and the same was an independent transaction, and, so far as these defendants are concerned and informed, had no connection with the trust deed and agreements made with these defendants, and they are in no manner to be prejudiced in their rights by reason of the general assignment made to R. L. Armstrong; and the defendants positively deny having any knowledge as to the terms of the said assignment made to said R. L. Armstrong at the time when said trust deed was executed and made on the 30th of November, 1891; and they deny having any knowledge of any fraudulent intent or purpose upon the part of said Crow."

With these positive, circumstantial, and unequivocal averments of the answers, denying the charges and material allegations of the bill, confronting the complainants, they took no testimony to meet the denials of the sworn answers, save that of Neely, clerk of the circuit court of Tallahatchie county. And the cause was heard, on the part of complainants, on the bill, the deed of trust, the deed of assignment, and Neely's testimony; and, on the part of the defendants, the several answers to the bill and the testimony of A. L. Crow and J. N. Harris were relied upon. The case of the complainants derived no support from the testimony of Neely, as it was mainly of a negative character, he having no knowledge of the transactions between the parties, and was ignorant of the circumstances and conditions which induced the execution of the instruments. Beyond the fact that the deed of trust and assignment were acknowledged by Crow before him, Neely appeared to know comparatively little of importance. With only one witness, therefore, whose testimony was scarcely material, supplemented by the written instruments, which upon their face negative the case made by the bill, the complainants were without proofs to outweigh or impair the force of the positive denials of the answers, which, under such circumstances, must be taken as true. Tobey v. Leonards, 2 Wall. 430; Seitz v. Mitchell, 94 U. S. 582; Voorhees v. Bonesteel, 16 Wall. 30; Collins v. Thompson, 22 How. 253. Hence the court was clearly justified in declining to construe the two deeds as one instrument, and in refusing to invalidate the preference secured by the Ryan Grocery Company under its trust deed, unless the testimony of Crow and Harris, to which complainants have the right to resort, should establish their theory of the case. Looking to the testimony of Crow and Harris, we find nothing that will benefit the complainants. Both testify pointedly that Harris, who represented the Ryan Grocery Company in effecting the settlement with Crow, was ignorant of the existence of the deed of assignment when the trust deed was executed, and that he knew nothing of the assignment until several hours afterwards. They both affirm the honesty and validity of Crow's indebtedness to the grocery company, and deny that, in the execution of the deed of trust to secure such indebtedness, there was any intention on the part of either to delay or defraud other creditors of Crow in the collection of their claims. They both testify to their good faith as to the bill of sale of the corn, and the transfer of claims to secure the grocery company. It is also worthy of mention that the grocery company is not a party to the deed of assignment, and claims no rights under it. A careful examination of the testimony of Crow and Harris discloses some discrepancies, but they are of such an immaterial nature as not to require comment. The answers of the defendants and the testimony of the witnesses show that the transaction between Crow and the Ryan Grocery Company was an honest one, and that Harris knew nothing of the assignment until some hours after its execution. The two instruments, therefore, should be regarded as separate and distinct; and the circuit court, in so holding, committed no error.

By the third assignment, appellants attack the validity of the trust deed on the ground that Crow, the grantor, who was insolvent at the date of the execution of the deed, "stipulated for the retention of the greater part of his assets for a period longer than, by, the ordinary process of law, plaintiffs could have made their debt; on execution." Was the delay one of which the complainants had the right to complain? On the 30th day of November, 1891, A. L. Crow was indebted to the Ryan Grocery Company in the sum of $9,447.44, then past due. In consideration of the extension of time for the payment of the indebtedness, and of $1,000 to be advanced by the Ryan Grocery Company to enable Crow to make a crop for the year 1892, that he might thereby be better enabled to meet his obligations, Crow executed the trust deed to secure the existing indebtedness of the grocery company and the advances to be thereafter made. The claim of the grocery company was evidenced by three notes of $3,149.08 each, due, respectively, one day after date, November 1, 1892, and December 1, 1892. The property conveyed in the deed of trust embraced lands (incumbered by mortgage), horses, mules, farming implements, cotton, cotton seed, and crops for the year 1892. By the stipulations of the deed the grocery company was required to take immediate control, or as soon as practicable, of the cotton, and prepare the same for market, and apply the proceeds, when sold, as a credit on the notes. The grocery company was also directed to sell the cotton seed, and make a similar application of the proceeds of sale. In the event of failure on the part of Crow to pay either of the three notes at maturity, the grocery company was authorized to take possession of all the property then on the farm, including crops, sell the same, after giving 20 days' previous notice, and, upon paying the expenses of sale, to apply the remainder of the proceeds on Crow's indebtedness; the surplus, if any, to go to Crow. It was further provided by the deed that Crow was to pick, gin, and prepare the cotton produced on the place for market, and ship the same to the grocery company, which was to sell it and credit the proceeds resulting on Crow's notes. There is no pretense that the property embraced in the deed of trust was in excess of the debt secured. On the contrary, it is shown by the testimony that the Ryan Grocery Company collected on their indebtedness only $2,524.23, leaving a balance due of more than two-thirds of their original claim. It is thus seen that the property retained by Crow consisted simply of stock and farming implements necessary to carry on the farming operations, and the resulting product, under the terms of the deed, was directed to be paid over to the grocery company. We perceive in this no wrong, and no effort to delay or defraud creditors; nor can such a stipulation be held to mean a reservation of a benefit to Crow. Using the language of the supreme court of Alabama:

"If the crops to be produced are, with the existing property, to be devoted to the payment of the secured debts, it has not been supposed such a stipulation is a reservation of a benefit to the debtor, though thereby the residue, which must revert to him, may be increased." Trust Co. v. Foster, 58 Ala. 514; Estes v. Gunter, 122 U. S. 450, 7 Sup. Ct. 1275.

But it is insisted that the time of payment of Crow's debt to the Ryan Grocery Company was extended 12 months,—a period beyond the law day. The extension, however, did not, and could not, in the eye of the law, prejudice the rights of Crow's general creditors, for they could have proceeded at any time to sell his equity of redemption. A similar question came before the supreme court of Mississippi in the case of Taylor v. Watkins, and, discussing it, Mr. Justice Woods observes:

"In the case of Barkwell v. Swan, 69 Miss. 907, 13 South. 809, the doctrine contended for by the learned counsel for appellant, and found in the cases referred to in [Henderson v. Downing] 24 Miss. 106, and [Bank v. Douglass] 11 Smedes & M. 469, was declared to be modified by subsequent statutes, which now permit a sale of the grantor's equity of redemption in the mortgaged property. If Bell, in this case, sought to protect his estate from attacks of creditors by conveying it, prodigally and excessively, to secure preferred creditors, and by giving himself undue extension of time for payment of the secured debt, there was and is nothing which precludes his general creditors from proceeding to sell his equity of redemption to satisfy their demands." 13 South. 813.

The third assignment is therefore not well taken.

The fourth specification of error, when considered in connection with the facts of this case, is without substantial merit; and we content ourselves with a reference to Hooker v. Sutcliff, 71 Miss. 792, 15 South. 140, as decisive of the question.

What we have said in reference to the first and second assignments applies with equal force to the fifth, and it requires no further consideration.

After a careful examination of all questions raised by appellants, our conclusion is that the deed of trust is a valid instrument, and, hence, that the circuit court properly dismissed their bill. There, however, appears in the record a manifest error, which, although unassigned (rule 11 of this court, 11 C. C. A. cii., 47 Fed. vi.), will necessitate a reversal of the case. The conclusion of the decree orders the issuance of execution in favor of the Ryan Grocery Company against appellants "for the sum of two hundred and fifty ($250) dollars, the same being the value of said 500 bushels of corn used by and fed to said live stock levied upon under said attachment." The pleadings involve no issue upon which the judgment against appellants for $250 can stand. The Ryan Grocery Company filed no cross bill praying affirmative relief, and the only prayer of its answer is "to be hence dismissed with costs." It may also be said that there was nothing in the proofs which could even remotely sustain a moneyed judgment such as was rendered in this case. "It is hardly necessary to repeat," says the supreme court, "the axioms in the equity law of procedure, that the allegations and proofs must agree, that the court can consider only what is put in issue by the pleadings, that averments without proofs and proofs without averments are alike unavailing, and that the decree must conform to the scope and object of the prayer, and cannot go beyond them. Certainly, without the aid of a cross bill, the court was not authorized to decree against the complainants the opposite of the relief which they sought by their bills." Railroad v. Bradleys, 10 Wall. 302. In Chapin v. Walker, 6 Fed. 795, 796, Judge

McCrary says: "It is well settled that any affirmative relief sought by a defendant in an equity suit must be by cross bill, and can never be granted upon the facts stated in the answer." And by the supreme court of Alabama it is held that "a defendant cannot, by answer, pray anything but to be dismissed by the court. If he has any relief to pray, he must do so by a bill of his own." Cummiag's Heirs v. Gill's Heirs, 6 Ala. 564; Cullum v. Erwin, 4 Ala. 461. The court erred in ordering execution to issue in favor of the Ryan Grocery Company against appellants for the sum of $250. In other respects the decree is correct. For the error indicated the decree of the circuit court will be reversed, and the cause remanded, with directions to enter a decree in conformity with the views above expressed. The costs of the appeal will be divided equally between appellants and the appellee the Ryan Grocery Company,—the appellants to pay the costs incurred in the circuit court,—and it is so ordered.