BUILDING AND LOAN ASSOCIATION OF DAKOTA V.
J. F. CUNNINGHAM ET AL.

No. 683.    Decided June 20, 1898.

**Removal of Causes—Amount in Controversy.**

The petition to cancel a bond to a building and loan association for $3200, to recover $652.80 penalty for usurious interest paid thereon, and to set aside a sale of land under a deed of trust to secure same, though the amount actually loaned was only $1375.80, involved an amount exceeding $2000 exclusive of interest, and the suit was removable to the United States Court by defendant, a foreign corporation, upon proper petition and bond.

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Cunningham and wife brought suit and recovered judgment, defendant's application for removal of the case being denied by the District Court, and the judgment, on its appeal, affirmed by the Court of Civil Appeals; whereupon it applied for and secured writ of error.

*Starling & Irish*, for plaintiff in error.—The matter in dispute is the defendant's interest in the land plus the money judgment sought to be recovered on account of the penalty.    As a sale of the land is alleged to have been made to the defendant, the matter in dispute is the value of the land plus the money judgment sought to be recovered on account of the penalty.    Whenever evidence must be introduced to determine the value of the matter in dispute, and when such value is not conclusively shown by the petition, then it is the province of the Federal court and not of the State court to hear such evidence and determine the value of the matter in dispute.    Stone v. South Carolina, 117 U. S., 430; Railway v. Daughtry, 138 U. S., 298; Railway v. Dunn, 122 U. S., 513.

The amount in dispute is not less than the principal sum loaned on the obligation secured by the lien sought to be canceled, plus the penalty

sought to be recovered, which aggregates an amount in excess of $2000, exclusive of interest and costs. Where there are two or more distinct demands the amount in dispute is the aggregate of all such demands. In the case at bar there are at least two distinct demands, viz: (1) The cancellation of the obligation and of the lien securing same. (2) The recovery of $652.80.

Where a lien upon real estate securing an obligation is sought to be canceled by the application of alleged payments and there is a claim that such obligation is fully discharged, the amount in dispute exclusive of interest and costs is not less than the sum which plaintiff admits was advanced by reason of such obligation, when such sum is less than the principal sum named therein. Marshall v. Holmes, 141 U. S., 589; Barney v. Latham, 103 U. S., 205; Armstrong v. Ettlesohn, 36 Fed. Rep., 209; Dickinson v. Union, etc., Co., 64 Fed. Rep., 895; Schunk v. Moline, etc., Co., 147 U. S., 501; Bowden v. Burnham, 59 Fed. Rep., 752.

The amount in dispute is the penal sum named in the bond, to wit, $3200, plus the $652.80 sought to be recovered, aggregating $3852.80.

All requisites incident to removal were complied with. The cause was therefore removed and the State court without jurisdiction.

*T. E. Conn*, for defendants in error.—From the authorities cited by appellant we deduce the legal conclusions: 1. The State court must determine to what extent the pleadings state a cause of action, or valid defense. 2. The State court must determine what matters of fact are well pleaded. 3. Only consistent demands in the same right showing one entire recovery, and which are controverted by the adverse party can be aggregated to constitute the matter in dispute, and that admitted payments reduce it pro tanto. 4. That the State statute furnishes the rule of decisions for the Federal court. Trust Co. v. Krumseig, 77 Fed. Rep., 32; Fearing v. Glenn, 73 Fed. Rep., 116; Fowler v. Trust Co., 141 U. S., 384; Miller v. Tiffany, 1 Wall., 298; Andrews v. Pond, 13 Pet., 65; Bank v. Owens, 2 Pet., 535; Insurance Co. v. Kittle, 2 Fed. Rep., 114.

In Building and Loan Association of Dakota v. Griffin, 39 Southwestern Reporter, 659, the Supreme Court of Texas, construing a similar contract, says as a matter of law from the facts manifest upon the face of the papers this contract was simply a device to evade the laws of this State and can not be enforced.

Appellee's demand for the penalty is predicated upon the nonexistence of any debt, is inconsistent with the existence of any debt to appellant, and is not susceptible of aggregation with any other demand.

BROWN, Associate Justice.—J. F. Cunningham and Ann M. Cunningham filed this suit in the District Court of Dallas County against the Building and Loan Association of Dakota, the petition alleging in substance that the plaintiffs were husband and wife and resided in Dallas County, Texas, and that the Building and Loan Association of Dakota is a corporation created under the laws of South Dakota, which on the 9th

day of November, 1889, being entitled to do business in the State of Texas, established its domicile in the city of Dallas, Dallas County, Texas, with C. W. Starling as vice-principal representing the said corporation. The petition alleges that on the first day of December, 1890, James M. Browder and Ann M. Browder, now Ann M. Cunningham, executed and delivered to the defendant a bond or contract in which they agreed to pay to the said corporation $3200. The petition attaches the bond as an exhibit, but for the purposes of this case it is not necessary to state more at length its contents. It is alleged that upon said contract the corporation loaned to James M. Browder the sum of $1375.80, and the said James M. Browder and his then wife, Ann M. Browder, made, executed, and delivered to the corporation a deed of trust upon lands described in the petition to secure the payment of the said contract. It is alleged that the land was at the time the separate property of Ann M. Browder, and that the said contract was made in the sum of $3200 for the purpose of enabling the said corporation to evade the usury laws of Texas and to charge a greater rate than 12 per cent interest upon the money actually loaned by it to the said James M. Browder. It is also alleged that in his lifetime James M. Browder paid to the said corporation as interest upon the said contract the sum of $650, and that the said contract being usurious, the payment as interest should be credited upon the amount of the loan. It is also alleged that since the 11th day of April, 1895, plaintiff Ann M. Cunningham has paid to the said corporation the sum of $326.40 usurious interest upon the said contract, and under the statute she is entitled to recover from the defendant the sum of $652.80 penalty for taking and receiving usurious interest. The petition also alleges that the plaintiffs are informed that the defendant had sold the said land under the deed of trust and had purchased the same for the sum of $50. There is no offer on the part of the plaintiff to pay any part of the debt, nor is it admitted that Mrs. Cunningham is liable personally for any part of it. The petition prayed that all clouds be removed from the title of Ann M. Cunningham to the land described, for judgment for $652.80, and for general relief.

The defendant filed a general denial and in due time filed its petition, properly sworn to, and bond as required by law for the removal of the cause to the Circuit Court of the United States. The petition for removal contains this allegation: "Your petitioner, the Building and Loan Association of Dakota, respectfully shows to this honorable court that it is the defendant in this suit, which is of a civil nature, and that the matter and amount in dispute exceed the sum or value of $2000, exclusive of interest and costs." All other allegations necessary to entitle the party to removal are contained in the petition.

The District Court refused to allow the removal of the cause for the reason expressed in its judgment that the court was of "opinion that the amount in controversy does not exceed $2000 exclusive of interest and costs." The trial was had before the court without a jury, and judgment was entered in favor of the plaintiff Mrs. Cunningham for $336 penalty,

and that the lien upon the land described in the petition and the sale made of it by the defendant be canceled and set aside, and that all clouds be removed from the title of Ann M. Cunningham.

The only question necessary for us to decide is, did the court rightly refuse the application to remove this case to the Circuit Court of the United States? It will not be necessary to decide whether the petition for removal sufficiently alleges the value of the matter in dispute independently of other parts of the record, because the entire record may be looked to in order to ascertain what the value of the subject of controversy is, and if from the whole record it appears to exceed $2000, interest and costs, then the court erred in refusing the removal, because that is the sole objection made to the right of the defendant to remove the cause. Reed v. Hardeman County, 77 Texas, 165.

The allegations of the plaintiff's petition present the following issues: (1) That the defendant claims against Mrs. Cunningham a bond for $3200 which was executed when she was a married woman; (2) to secure that bond it holds a lien by deed of trust upon land which is her separate property; (3) that the contract is usurious, and by payments of interest has been almost satisfied. The petition alleges that the defendant really loaned upon the bond the sum of $1375.80, that the contract is usurious, and that all payments made for interest upon the bond should be credited upon the principal, which would reduce the amount to $723; also that Mrs. Cunningham had paid usurious interest upon the bond and was entitled to recover the statutory penalty amounting to $652. The petition also presented the issue that the defendant had unlawfully sold the land and purchased it for $50, and prayed that the sale and the lien upon the land be canceled, and for judgment for the penalty. The defendant denied all of the allegations, and we think that the petition and answer put in controversy the contract for $3200 as a personal obligation upon Mrs. Cunningham, and the lien of the deed of trust on her separate property to secure that sum. It will be presumed that a debt secured upon land is worth the sum named. The judgment of the court more conclusively establishes that these matters were in controversy than any argument that we can make, for by that judgment Mrs. Cunningham was released from any personal liability upon the obligation and recovered $336, had judgment against the defendant canceling its lien upon her property and setting aside the sale of the land described in the petition. According to the pleadings the defendant went into the court claiming $3200 secured by lien on land, and came out by the judgment with nothing of its claim left, and a judgment against it for the sum of $336. What the plaintiff gained and the defendant lost must have been in dispute, otherwise the court could not have adjudicated upon their rights in reference to those matters.

The Court of Civil Appeals, as well as the trial court, seems to have assumed that there was no more in controversy between the parties than the amount of money actually loaned, as alleged by the petition and shown by the evidence, but it matters not how clear the evidence may be

that the contract was usurious and that the plaintiff was entitled to recover, yet the matter was in dispute between these parties and being of value exceeding $2000 besides interest and costs, the defendant had the right to remove the same to the Circuit Court of the United States. The District Court erred in not removing the cause, and the Court of Civil Appeals erred in affirming the judgment of the District Court. It is therefore ordered that the judgment of both courts be reversed, and that this cause be remanded to the District Court of Dallas County with instruction to enter an order removing the same to the Circuit Court of the United States for the Northern District of Texas.

*Reversed and remanded.*