TURNER et al. v. SOUTHERN HOME BUILDING & LOAN ASS'N.

(Circuit Court of Appeals, Fifth Circuit. April 16, 1900.)

No. 886.

1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE.

The bond given by a borrowing stockholder in a building and loan association was conditioned for the payment by such borrower of monthly installments of dues on his stock, and premium and interest on the loan of $2,000; and the mortgage securing the loan provided for the sale of the mortgaged property in case of default, and the application of the proceeds, after paying costs and attorney's fees, to the payment of the principal of the loan, with all interest and arrears thereon, together with the monthly dues upon the stock, and the unpaid premiums on the same. *Held*, that in a suit brought by the association to foreclose the mortgage, at a time when the stock dues in arrears amounted to over $200, the amount in dispute exceeded $2,000, exclusive of interest and costs, and was sufficient to give a federal court jurisdiction. There being no requirement in the contract that on such foreclosure the borrower should surrender his stock, the fact that in his answer he asked that this be done, as permitted by the by-laws, and the value of the stock credited on his loan, by which the amount remaining due was reduced below $2,000, could not affect the jurisdiction of the court.[1]

2. EQUITY PLEADING—GRANTING AFFIRMATIVE RELIEF TO DEFENDANT.

In a suit by a building and loan association to foreclose a mortgage given by a borrowing stockholder, in which the bill did not ask an accounting between the parties, nor seek to terminate the relationship of defendant as a stockholder, such accounting and the cancellation of defendant's stock can properly be decreed only where a cross bill praying such relief is filed and regularly served by the defendant.

3. PARTIES—SUIT TO FORECLOSE MORTGAGE GIVEN BY DECEDENT.

To a suit for the foreclosure of a mortgage given to a building and loan association by a borrowing stockholder, since deceased, and in which it is sought to cancel the stock of such deceased stockholder and adjust the equities between him and the association, his heirs and legal representatives are necessary parties.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

The appellee, the Southern Home Building & Loan Association, filed its bill in the circuit court on the 14th day of October, 1898, against the appellants, B. D. Turner and his wife, Emily R. Turner, and S. C. Paine, a feme sole, to recover an' indebtedness which was secured by a deed of trust executed by the appellants and C. F. Paine, and for foreclosure of the trust deed. The material allegations of the bill are the following: "(2) Thereupon your orator complains and says that, to wit, on the 2d day of March, 1891, defendant B. D. Turner and one C. F. Paine executed and delivered to your orator their certain obligation in writing, called a 'bond,' in the sum of $2,000, bearing said last-named date, wherein and whereby the said Paine and said Turner severally promised to pay your orator the sum of $2,000 on the maturity of twenty shares of the capital stock in plaintiff company, subscribed for prior to said time by said Paine and Turner, to be paid for, by the terms of the certificate evidencing said stock, and also by the terms of said bond, in monthly installments of $12 each and every month from the date thereof; also, said Paine and Turner, by the terms of said bond, severally promised to pay your orator, as interest on said bond, the sum of $10 per month, and the further sum of $10 as premium on said bond, and

---

[1] As to jurisdiction of circuit court, as determined by amount in controversy, see note to Auer v. Lombard, 19 C. C. A. 75, and, supplementary thereto, note to Shoe Co. v. Roper, 36 C. C. A. 459.

said installments of interest and premium were to be paid monthly each and every month from and after the date of said obligation until the same were fully paid. (3) That on said date, to wit, the 2d day of March, 1891, said defendants, B. D. Turner and his wife, Emily R. Turner, the said C. F. Paine and his wife, S. C. Paine, for the purpose of securing said sums of money specified in said bond, according to its tenor and effect, also executed and delivered to your orator their certain deed of trust in writing, bearing said date, wherein and whereby they conveyed to Samuel S. Atkinson, as trustee for your orator, as collateral security as aforesaid, the following described premises, situated and being in the town of Comanche, county of Comanche, state of Texas, to wit: Thirty-three feet off the east end of lots one (1), two (2), and three (3) in block six (6) in the town of Comanche, in said county and state. * * * That said deed of trust also contains the same provisions as said bond in regard to the payment of the moneys specified in said bond according to the legal tenor and effect thereof; also, in regard to the payment of the dues on said stock; also, said deed of trust provides, in case of foreclosure of the same, then in such event the makers of said bond should pay your orator a reasonable attorney's fee. (4) That after the execution of said bond and deed of trust as aforesaid on, to wit, the ——— day of ———, 1894, the said C. F. Paine died. (5) It is especially provided in said deed of trust that if said C. F. Paine and B. D. Turner should fail or neglect for the space of three months to fulfill, keep, and comply with the conditions, provisions, and agreements, or any part thereof, contained in said bond and deed of trust, according to their said terms, tenor, and effect, then said bond should mature at once, and your orator should proceed to sell said property, as required by the terms of said deed of trust, for the satisfaction of the moneys specified in said bond and the monthly dues upon said stock; also, a reasonable sum for the attorney's fees for foreclosing said deed of trust. That the makers of said obligation and deed of trust have wholly failed to pay any installment of interest or premium on said bond or stock dues upon said stock since the 1st day of May, 1897, and by reason of the premises said bond has long since become due and payable, and said defendant B. D. Turner became liable and promised to pay your orator the principal sum of said bond, to wit, the sum of $2,000, together with reasonable attorney's fees for foreclosing said deed of trust, which your orator alleges to be $200; also, interest and premium on said bond from said 1st day of May, 1897; also, the monthly dues on said stock from the 1st day of May, 1897, at the rate of $12 for each and every month from said dates, in accordance with the provisions of said bond and deed of trust, now amounting to the sum of, to wit, $204; but to pay the same, or any part thereof, said defendant has wholly refused. (6) Your orator therefore prays that the said defendants may be compelled to answer, all and singular, the premises in this bill, but not under oath; answering under oath being hereby expressly waived. Your orator further prays that a writ of subpœna may issue in due form of law, directed to the aforesaid defendants, B. D. Turner, Emily R. Turner, and S. C. Paine, all of whom reside in the town of Comanche, county of Comanche, state of Texas, requiring them, and each of them, to appear and to answer, all and singular, the premises in said bill as aforesaid. Your orator further prays upon final hearing hereof for a decree for its debts, interests, premiums, attorney's fees, stock dues, and costs, and that its said lien be established upon said premises, and be declared superior to the claim of any and all of said defendants, and the same be foreclosed against each and every one of said defendants, and said premises be ordered sold, and the proceeds thereof applied to the satisfaction of said decree, and for a writ of assistance to place the purchaser of said premises at such sale in possession thereof, and for all general and equitable relief."

In the answer of the defendants, filed January 7, 1899, they first object to the jurisdiction of the court, for the following reasons: "(1) That the matter in controversy, as alleged in the plaintiff's petition, is exclusive of interest, and, after deducting all payments and offsets, less than the sum of two thousand dollars, and the same is not cognizable by this court; and that the plaintiff has falsely and fraudulently alleged the matter in controversy to

amount to more than the sum of two thousand dollars, as mentioned in his said petition, for the purpose of giving this court jurisdiction, and this they are ready to verify. Wherefore they pray judgment whether this court can or will take further cognizance of this suit."

On behalf of the defendant S. C. Paine it is next averred: "(2) That she, before and at the time of the making of the said several supposed bond and deed of trust mentioned in plaintiff's petition, was, as alleged in the plaintiff's petition, the wife of the said C. F. Paine, and was then under the disability of coverture, and not liable for said debt or any part thereof; and this she is ready to verify."

In the third clause of the answer the defendants deny that the bond and deed of trust as set forth in the bill of complaint were executed by them, and the answer thereafter proceeds as follows: "But these defendants aver and say that the real transaction between the plaintiff and said B. D. Turner and C. F. Paine was as follows: That the said B. D. Turner and said C. F. Paine on the 1st day of March, 1890, subscribed for twenty shares of the capital stock of the plaintiff's association, for $100 each, upon which the said Turner and Paine were to pay the plaintiff sixty cents per share per month until said stock should mature, and that the by-laws, rules, and regulations of the plaintiff association provided that its 'stock matures when the payments made upon it and the quarterly dividends amount to the par value of $100 per share,' and it was then estimated by the plaintiff that said stock should mature 'in seven years, or less time, allowing the association to make only an ordinary profit.' That in pursuance thereof the said Turner and Paine paid to the plaintiff thereafter monthly in advance the sum of $12 for thirteen successive months, amounting in the aggregate to the sum of $156, and being the monthly payments due on said stock up to the 2d day of March, 1891. That on said 2d day of March, 1891, plaintiff advanced to the said Turner and Paine on said twenty shares of stock the sum of $2,000, to bear interest at the rate of six per cent. per annum, payable monthly, and secured by pledge and delivery of the said twenty shares of stock by said Turner and Paine to the plaintiff; said sum of $2,000 to be paid off and discharged at the maturity of said stock by the surrender of said twenty shares of stock by the said Turner and Paine to the plaintiff, and by a cancellation thereof by the plaintiff. These defendants aver that from and after the said 2d day of March, 1891, to the 1st day of May, 1897, inclusive, there was paid by the said Turner and the said Paine to the plaintiff the following sums of money, to wit: The sum of $888 on said stock dues, which, together with the said $156, aggregated the sum of $1,044 on said stock dues, and the sum of $750 interest, being the interest due on said advance of $2,000 from the said 2d day of March, 1891, to the 1st day of May, 1897, inclusive; and the said Turner and the said Paine also paid to the plaintiff monthly payments of $10 each, amounting in the aggregate to the sum of $750, which was paid to the plaintiff and received by it on said advance of $2,000. * * * The defendants aver and charge that the said twenty shares of stock so owned by the said Turner and Paine, and now in the possession of the plaintiff as a pledge for the advance of said two thousand dollars, has been and is matured, and that said Turner and the estate of the said C. F. Paine is entitled to a credit of two thousand dollars in money due from said association, which, by the terms of the said agreement so entered into between the plaintiff and said Paine as aforesaid, should be applied to the payment of the said sum of two thousand dollars so advanced by the plaintiff to the said Turner and Paine, which sum, together with the payments made by said Turner and Paine, and which was to be credited on said sum of two thousand dollars so advanced, is sufficient to pay off and discharge said sum of two thousand dollars, and will leave a large sum of money in the hands of the plaintiff, to which, in equity and good conscience, the defendant Turner and the said Paine are justly entitled. These defendants further aver and say that it is provided in the by-laws, rules, and regulations of said association that 'members may withdraw from the association at any time after one year from date of subscription, by giving sixty days' notice, and shall be entitled to receive the money paid into the loan fund, with not less than six per cent. interest for the average time.' And

it is provided, also, that the loan fund referred to in said by-laws 'consists of fifty cents per share per month, and all interest, fines, premiums, and profits of all kinds, and no part of this fund can be used for expenses of any kind whatever unless taxes have to be paid thereon.' And the defendants say that if said stock has not in fact matured, and if any part of said sum of two thousand dollars so advanced has not been paid off, they now here give notice to the plaintiff of the desire and intention of the defendant Turner and estate of said Paine to withdraw from said association, and to apply the amount of the withdrawal to which they are entitled under the said provisions of the by-laws and rules and regulations of said association to the payment of the said advance of two thousand dollars, and any interest or other moneys justly due from the defendants to the plaintiff; and these defendants offer to account with the plaintiff concerning said matters, and to do and perform such things as in good conscience and equity should be done, and to do and perform all things required of them by this honorable court. And they pray that the court shall order and direct an accounting with, by, and between the plaintiff and defendants, and that by its decree these defendants may be fully protected in all of their just rights and equities, and for such other and further relief as may seem to the court fit and proper, the premises considered."

The record discloses that on the 1st day of March, 1890, the appellant B. D. Turner and C. F. Paine, respectively, became the owners of 10 shares of stock, each for the sum of $100, in the Southern Home Building & Loan Association, and separate certificates were duly issued to them to that effect by the treasurer of the association. Thereafter Turner and Paine applied to the appellee for a loan of $2,000. The loan was made, and to secure its payment a bond and deed of trust were executed on the 2d day of March, 1891,—the former by B. D. Turner and C. F. Paine, and the latter by them and their wives, Emily R. Turner and S. C. Paine. The 20 shares of stock were also transferred to the appellee to further secure the payment of the money borrowed. The deed of trust, of which the bond forms a part, is in the following form, irrelevant portions being pretermitted:

"Whereas the said C. F. Paine and B. D. Turner, parties of the first part, have made and entered into on this day a certain obligation or bond in writing, which is in words and figures as follows:

"'State of Texas, County of Comanche.

"'Know all men by these presents that we, C. F. Paine and B. D. Turner, of said state and county, am held and firmly bound unto the Southern Home Building and Loan Association of Atlanta, Georgia, and its assigns, in the just and full sum of four thousand ($4,000.00) dollars, for the just and full payment of which I bind myself, my heirs, executors, and administrators, firmly by these presents. Sealed with my seal, and dated the 2nd day of March, one thousand eight hundred and ninety-one. The condition of the above obligation is such that whereas we, the said C. F. Paine and B. D. Turner, have this day procured an advance of two thousand ($2,000.00) dollars on twenty (20) shares of stock, which I hold in said association, from the Southern Home Building and Loan Association of Atlanta, Georgia, under the by-laws, rules, and regulations thereof: Now, should we, the said C. F. Paine and B. D. Turner, or any one for us, well and truly pay to the said association, so long as it shall continue to exist, or as may be provided in its by-laws, rules, and regulations, the sum of twelve ($12.00) dollars monthly on the last day of each month (being installments due on said stock, on which an advance was procured as aforesaid), and the further sum of ten ($10.00) dollars monthly as aforesaid, on the same day, as interest on said advance, and the further sum of ten ($10.00) dollars as premium or redemption money on said advance, and keep the buildings on the property given to secure advance insured to the amount of ——— dollars for the benefit of said association, and pay all taxes and assessments against the same at maturity thereof, and comply with, all and singular, the requirements of said by-laws, rules, and regulations, then this obligation to be void; otherwise, of full effect.                    C. F. Paine.   [L. S.]
                                         "'B. D. Turner. [L. S.]'

"Now, if the conditions, provisions, and agreements contained in said bond or obligation shall be well and truly fulfilled, kept, and complied with according to the terms, tenor, and effect thereof, then this deed shall be null and void. But should the said C. F. Paine and B. D. Turner, parties of the first part, fail or neglect for the space of three months to fulfill, keep, and comply with the conditions, provisions, and agreements, or any part thereof, according to its said terms, tenor, and effect, then this deed shall remain in full force, and the said party of the second part, or in case of his death, or absence from the state, or refusal or inability to act, the sheriff of Comanche county for the time being, may proceed to sell the property hereinbefore described at public vendue, at the court-house door of said county, for cash, * * * and out of the proceeds of such sale, first, the costs and expenses connected with the execution of this trust shall be paid, the same to include a reasonable sum for attorneys' fees, and next the amount of the principal debt secured hereby, with all interest and arrears thereon, together with the monthly dues upon said stock, and the unpaid premiums upon the same, and all assessments and fines remaining due and unpaid upon said shares of stock of said association, and also all sums of money paid by said association for taxes, repairs, and insurance premiums, and interest thereon, and all other sums of money intended to be secured hereby shall be paid, and the residue, if any, shall be paid to the said parties of the first part, or his legal representatives."

The cause came on for hearing upon the pleadings (consisting of the bill, answer, and replication) and proofs. The following final decree resulted: "The court is of the opinion that said loan obligation became due prior to the institution of this suit, by the reason of the failure of the respondents to pay the monthly installments of interest and premium specified therein, and the monthly installments due on the certificates of stock, as specified in said loan obligation and in the deed of trust sued upon; that the two stock certificates, for ten shares each, of the capital stock in complainant association, bearing date the 1st day of March, 1890, and evidenced by certificates Nos. 4,589 and 4,590, respectively, and issued to the said B. D. Turner and C. F. Paine, deceased, ought to be, and the same are hereby, canceled and held for naught, and that the withdrawal value thereof, to wit, $1,351.80, be allowed as a credit on the said indebtedness of respondent B. D. Turner, evidenced by the contracts sued upon; and after allowing such credit the court finds there is justly due the complainant the sum of $1,307, the same being the principal sum of $2,000, with interest thereon at the rate of 12 per cent. per annum, from the 1st day of March, 1897, to this day, after deducting therefrom the said stock credit of $1,351.80, leaving the sum of $1,180.20, balance due, and adding thereto the sum of $118.20, being ten per centum attorneys' fees on said balance. It is therefore ordered, adjudged, and decreed by the court that the complainant, the Southern Home Building and Loan Association of Atlanta, Georgia, a corporation, do have and recover of and from the respondent B. D. Turner the said sum of $1,307.00, with interest thereon from date at the rate of 6% per annum, and all costs of suit. It is further ordered and decreed by the court that complainant's deed of trust lien, executed by all of said three respondents and by C. F. Paine, deceased, the former husband of S. C. Paine, on, to wit, the 2d day of March, 1891, to secure said obligation on the following piece or parcel of land, situated in the town of Comanche and county of Comanche, state of Texas, * * * be, and the same is hereby, foreclosed, as against any interest, right, or claim in and to said property of any and all of said respondents herein." After ordering a sale of the property, the decree concludes: And upon confirmation of such sale by this court the proceeds of such sale shall be applied first to the satisfaction of the decree herein rendered, interest and costs, in favor of complainant, as aforesaid, and, if there is a balance over after the satisfaction of said decree, the same shall be paid to the respondents B. D. Turner and S. C. Paine, the surviving widow of the said C. F. Paine, deceased; and, if such property shall fail to sell for sufficient to pay off said decree, then it is ordered that after the confirmation of such sale an execution shall issue against said B. D. Turner for the balance due complainant on said decree. And after confirmation of such sale the said commissioner shall convey said property by warranty deed to the purchaser

thereof, and such purchaser shall have his writ of assistance at once to gain possession thereof."

From the decree thus rendered, B. D. Turner, Emily R. Turner, and S. C. Paine have appealed.

A. M. Carter, for appellants.

L. A. Smith and Drew Pruit, for appellees.

Before PARDEE, Circuit Judge, and NEWMAN and MAXEY, District Judges.

MAXEY, District Judge, after stating the case, delivered the opinion of the court.

The first point to be considered is the error assigned which challenges the jurisdiction of the circuit court on the ground that the amount in dispute does not exceed, exclusive of interest and costs, the sum of $2,000. By the act of August 13, 1888, it is provided "that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, * * * in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid" (that is, $2,000). 25 Stat. 434, § 1. "By the matter in dispute," it was said by the supreme court in Lee v. Watson, 1 Wall. 339, 17 L. Ed. 558, "is meant the subject of litigation,—the matter for which the suit is brought, and upon which issue is joined, and in relation to which jurors are called and witnesses examined. In an action upon a money demand, where the general issue is pleaded, the matter in dispute is the debt claimed; and its amount, as stated in the body of the declaration, and not merely the damages alleged, or the prayer for judgment at its conclusion, must be considered." Gray v. Blanchard, 97 U. S. 564, 24 L. Ed. 1108; Schacker v. Insurance Co., 93 U. S. 241, 23 L. Ed. 862. In the present case suit was brought to recover, in addition to interest and costs, the sum of $2,000, as the principal of the loan advanced; $204, as stock dues; and $200, as attorney's fees. The $2,000 advanced by the appellee to the appellant B. D. Turner and C. F. Paine, deceased, on their 20 shares of stock, was evidenced by a bond executed by Turner and Paine, by the terms of which they agreed to pay to the appellee, so long as it should continue to exist, or as might be provided in its by-laws, rules, and regulations, the sum of $12 monthly as installments on the stock, and the further sum of $10 monthly as interest on the advance of the principal sum, and the additional sum of $10 as premium or redemption money on the advance. And they further agreed to comply with all the requirements of the by-laws, rules, and regulations of the appellee. The deed of trust, which was executed by Turner and Paine and their wives to further secure the appellee in the ultimate payment of the money loaned, provided for a sale by the trustee of the property mortgaged, in the event that Turner and Paine should fail or neglect for the space of three months to fulfill, keep, and comply with the conditions, provisions, and agreements, or any part thereof, contained in the bond. The proceeds of

the sale were directed by the trust deed to be distributed as follows: First, to the payment of the costs and expenses connected with the execution of the trust, including a reasonable attorney's fee; and, second, to the payment of the amount of the principal debt, with all interest and arrears thereon, together with the monthly dues upon the stock, and the unpaid premiums upon the same, etc.; and the residue was directed to be paid to Turner and Paine, or their legal representatives. The bill of complaint alleged that Turner and Paine had failed to pay any installment of interest or premium on the bond, or stock dues upon the stock, since the 1st day of May, 1897, and that therefore the bond had become due and payable. It is, however, insisted by the appellants that it was only in the event of a sale by the trustee that the principal sum matured. We think this contention cannot be sustained. By the terms of the deed of trust, as already explained, the trustee was authorized to sell the property, and apply the proceeds of the sale to the payment of the principal debt, the unpaid interest, premiums, and stock dues, in the event that the obligors in the bond should fail or neglect for the space of three months to comply with the conditions of the bond. That the parties did fail to comply with the conditions of their bond, and that such failure had continued for a much longer period than three months when the appellee filed its bill, is clearly shown by the testimony. The loan of $2,000 thus became due, and that sum, added to the $204 due on stock installments which was recoverable by suit (End. Bldg. Ass'ns, § 451), exceeded the jurisdictional amount, and it rested with the appellee to say whether, in order to enforce the payment of its claim, it would proceed summarily to sell the property, or invoke the aid of a court of equity. Morrison v. Bean, 15 Tex. 267; Morgan's L. & T. R. & S. S. Co. v. Texas Cent. Ry. Co., 137 U. S. 171, 11 Sup. Ct. 61, 34 L. Ed. 625; Guaranty Trust & Safe-Deposit Co. v. Green Cove Springs & M. R. Co., 139 U. S. 137, 11 Sup. Ct. 512, 35 L. Ed. 116; 2 Jones, Mortg. § 1443. In computing the amount in dispute between the parties, it is not material to consider the item of attorney's fees (Fowler v. Trust Co., 141 U. S. 384, 12 Sup. Ct. 1, 35 L. Ed. 786), as the aggregate of the other two items is sufficient for jurisdictional purposes.

It is further insisted by the appellants that, although the $2,000 advanced should be regarded as due upon the failure to pay the monthly installments as they matured, still the amount in controversy, after deducting credits due them as shown by the decree and by the appellee's own evidence, is only $1,307. It is true that, upon a consideration of the entire case, the court decreed the sum of $1,307 to be due to the appellee; but it must be borne in mind that it is the amount in dispute between the parties, and not the amount ultimately adjudged to the plaintiff, that determines the question of jurisdiction. The appellant sought by its bill simply to enforce the payment of a claim which it alleged was due by Turner and Paine as borrowing stockholders. It was not the purpose of the bill to affect their status or relationship to the association as investing stockholders. If the appellants desired to withdraw their

stock, and cancel the certificates issued to them as investing stock-holders, and thus obtain credit for moneys paid into the loan fund, it could only be done by complying with the by-laws of the association. Andruss v. Association, 36 C. C. A. 336, 94 Fed. 575; Loan Co. v. Everheart (Tex. Civ. App.) 44 S. W. 885; Synnott v. Association (C. C.) 89 Fed. 292. Article 3 of the by-laws permits a non-borrowing member to withdraw his stock upon 60 days' notice, except in case of the death of a member, whose personal representatives may withdraw his shares at any time. But by the same article the withdrawal of shares upon which loans have been made is prohibited unless the loan has been paid. Turner and Paine had the unquestioned right to pay off the loan and withdraw their stock,— a right of which they failed to avail themselves. But, to authorize a withdrawal of stock in any case, the notice required by the by-laws was a prerequisite; and the first notice, so far as the record discloses, of any intention on the part of the parties to withdraw their stock and terminate their relations with the association, was given in the answer of the appellants. Up to that time the amount for which a recovery was sought by the appellee appeared to be due, and whether the appellants would seek to put an end to their relationship as stockholders, by praying for an accounting and by the withdrawal of their stock, was purely defensive matter, which the appellee will not be presumed to have anticipated when its bill was filed. Hence the amount sought to be recovered by the appellee was the matter in dispute between the parties, of which the court had jurisdiction,—i. e. the right to hear and determine,—regardless of a defense which may have been subsequently interposed by the appellants. In Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 505, 13 Sup. Ct. 417, 37 L. Ed. 258, it was said:

"In short, the fact of a valid defense to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defense will be presented by the defendant, or, if presented, sustained by the court? We do not mean that a claim evidently fictitious, and alleged simply to create a jurisdictional amount, is sufficient to give jurisdiction."

See, also, Association v. Price, 169 U. S. 45, 18 Sup. Ct. 251, 42 L. Ed. 655; Pickham v. Manufacturing Co., 23 C. C. A. 391, 77 Fed. 663; Association v. Cunningham, 92 Tex. 155, 47 S. W. 714.

There is nothing in the record to disclose that the claim of the appellee is fictitious, nor that it was alleged to create a jurisdictional amount, and we are of opinion that the circuit court had jurisdiction of the suit.

The appellants also assign errors affecting the merits of the controversy, which we are not disposed to consider upon the present appeal, as, in the view we take of the case, the decree must be reversed for the want of necessary parties to the suit. It may be also observed that the bill of complaint was not framed with the view of terminating the relationship of the appellants as stockholders in the association, nor did the prayer for relief either seek or justify an adjustment of the equities and an accounting between the parties. Yet such was the effect of the decree, notwithstanding the

absence of a cross bill, one of the principal offices of which is to obtain full and complete relief to all parties as to the matters charged in the original bill. Ayres v. Carver, 17 How. 592, 15 L. Ed. 179. Affirmative relief sought by a defendant in an equity suit should be by cross bill, and is not grantable upon facts stated in the answer. "The rule appears to be well established," said Presiding Judge Pardee, speaking for the court, in Wood v. Collins, 8 C. C. A. 525, 60 Fed. 142, "that, in order to entitle a defendant in equity to affirmative relief, he should file a cross bill, which should be regularly served, put at issue, and heard as an original bill." Railroad Co. v. Bradleys, 10 Wall. 299, 19 L. Ed. 894; Hill v. Grocery Co., 24 C. C. A. 624, 78 Fed. 21, and authorities cited. Hence it would seem that in this case a cross bill would be eminently proper, if not necessary, to enable the parties to obtain complete relief.

In reference to the question of parties, it is disclosed by the record that C. F. Paine was one of the obligors in the bond upon which the suit was brought; that he owned 10 shares of stock in the association, for which a certificate had been issued to him; and that he was one of the grantors in the deed of trust. He died in 1894, and neither his heirs nor legal representatives were made parties to the suit; nor are any facts alleged, or otherwise shown by the record, which would dispense with the necessity of making them parties. The suit being in this condition, with the appellants only before it as defendants, the court adjusted the equities between the parties, adjudged upon an accounting, without the usual reference to a master, the sum of $1,307 to be due to the appellee on the bond, canceled the certificate of stock issued to the deceased, Paine, and ordered a foreclosure of the deed of trust. In this we think manifest error was committed. Terrell v. Allison, 21 Wall. 289, 22 L. Ed. 634; Hall v. Hall, 11 Tex. 526; Templeman v. Gresham, 61 Tex. 50.

As the case must be reheard in the trial court, the propriety of making Atkinson, the trustee named in the deed of trust, a party to the suit, is suggested for the consideration of counsel. Gardner v. Brown, 21 Wall. 36, 22 L. Ed. 527; Shipp v. Williams, 10 C. C. A. 247, 62 Fed. 4; Hammond v. Tarver (Tex. Sup.) 34 S. W. 729; Shelby v. Burtis, 18 Tex. 645. The decree of the circuit court is reversed, and the cause remanded, with directions to proceed in conformity with the views above expressed. The costs of this appeal will be divided equally between the parties. Reversed and remanded.