### SYNNOTT v. IRON BELT BUILDING & LOAN ASS'N.

(Circuit Court, W. D. Virginia. May 27, 1898.)

1. BUILDING AND ASSOCIATIONS—STOCKHOLDERS—WITHDRAWAL.
   A stockholder who exercises the right to withdraw can only do so in accordance with the terms of the by-laws.

2. SAME—NOTICE OF WITHDRAWAL.
   Where 60 days' notice of withdrawal is required by the by-laws, the stockholder remains a member of the corporation, sharing its profits or losses, until the expiration of that time, when his rights as a creditor become fixed, in so far that his demand is liquidated, and is payable in the mode and at the time prescribed in the by-laws.

3. SAME—WITHDRAWAL VALUE OF SHARES.
   The by-laws of an association fixed the withdrawal value of shares at the amount paid in and the profits as shown by the last preceding apportionment of profits, which apportionments were required to be made each six months. A shareholder gave the required notice of withdrawal at a time when an apportionment of profits was due, but had not been made owing to the illness of the secretary. *Held*, that the withdrawal value of his stock was determined by such apportionment when made, and not by the one preceding, but that the amount did not become due and payable so as to draw interest until there was a sufficient amount to pay it in its proper order in the fund applicable to its payment, under the by-laws.

Scott & Staples, for plaintiff.
C. A. McHugh, for defendant.

SIMONTON, Circuit Judge. This is an action of assumpsit brought by plaintiff, shareholder in the defendant company, for the withdrawal value of his shares under by-laws of the corporation. The defense admits the right of recovery, the only question being as to the amount thereof and the period of time for which interest should run. The cause has by stipulation been submitted to the court to pass upon all issues of fact as well as law, without the intervention of a jury.

## Findings of Fact.

**Plaintiff is a citizen and resident** of the state of New Jersey.    The defendant is a corporation created under authority of the state of Virginia.    Plaintiff is holder and owner of a certificate for 100 shares in the capital stock of the defendant company, No. 192, series 32, dated 12th January, 1893; and also the holder and owner of another certificate for 100 shares in said company, No. 193, series 32, dated on same day.    Upon each of these certificates he paid, upon the receipt thereof, $50 per share.    Each of these certificates of stock has printed on its face the following provisions:

"This stock cannot be withdrawn until one year from the date of the certificate, when the holder thereof shall be entitled to receive $50 per share. After three years from the date of certificate, a member may withdraw from the loan fund, upon surrender of such certificate, the amount paid into said fund on said shares, and the full measure of the profit made thereon, as ascertained at the last apportionment of profits.    In the former case a withdrawal fee of $1 will be charged on each scrip of ten shares or under, and $2 for each scrip of over ten shares.    In the latter case a withdrawal fee of $1 shall be charged for each scrip of five shares or less, and twenty cents for each additional share.    Members must give sixty days' notice of withdrawal.    The association cannot use more than one-half of the monthly receipts of its loan fund for withdrawal, except by special action of the directors.    Twice each year, in January and July, the profits arising from the business of the association shall be equitably divided and credited on the books of the association to the stock in force."

The by-laws of the corporation (article 6, § 6) have this provision:

"Sixty days' notice in writing will be required at the central office for all withdrawals.    Each notice of withdrawal will have attention in the order in which it is received at the central office.    Unless the directors should otherwise expressly determine, not more than one-half of the net monthly receipts of the loan fund shall be applied to paying withdrawals."

On 12th February, 1897, plaintiff in writing gave notice to the company of his withdrawal of certificates 192 and 193, for 100 shares each, of the stock in said company.    He had sent the certificates to the First National Bank of Roanoke for collection, and requesting settlement in accordance with the terms of the certificate.    There were in, at the time this notice was received, other applications prior to that of plaintiff.    All of the funds on hand set apart for withdrawals were applied to the prior applications, and none of this fund was ready for plaintiff until 7th December, 1897, when there was money on hand enough to pay certificate No. 192, and on 16th December, 1897, for the first time was there enough of this fund to pay certificate No. 193.    All funds received from this repayment of loans and other sources were by special action of the directors applied to payment of withdrawals according to the dates at which they were listed.    A statement was made of withdrawal values, under the by-laws, for June 30, 1896.    By this it appears that the withdrawal value of each share in this series 32 was $56.73.    The illness of the secretary prevented the preparation of the semiannual statement for 31st December, 1896.    He could not begin it until 8th February, 1897, and it was concluded 18th March, 1897.    By this the withdrawal value of each share in series 32 was found to be $50.24.    The plaintiff claims the withdrawal value of his shares as fixed by the report of

30th June, 1896, with interest thereon from 12th April, 1897 (60 days after his notice). The defendant insists that the withdrawal value of the shares is fixed by the account as made up for 31st December, 1897, and that interest runs from 7th December, 1897, on one certificate, and from 16th December, 1897, on the other certificate.

### Conclusions of Law.

A shareholder who exercises the right to withdraw can only do so in accordance with the terms prescribed by the by-laws. As 60 days' notice is required in this company for all withdrawals, the right of a shareholder to withdraw is not consummate until the expiration of the 60-days notice. Until that date he is a member of the corporation, and is not entitled to change his character as such to that of a creditor. From that date he becomes a creditor; that is to say, the amount of his debt is ascertained, and his demand is a liquidated demand, payable in the mode and at the time prescribed in the by-laws. Under the by-laws, every six months an account is taken and the profits of the business ascertained and apportioned among the shareholders. This fixes the value of each share during the half year succeeding the account. It is the ascertainment of the value of each share to which, and to which alone, the shareholder is entitled. So long as a shareholder remains in the corporation, he is entitled to his just proportion of its profits,—the proportion just to his co-shareholders and just to himself. When he exercises his unques-·· tionable right to withdraw, he can take out this just proportion with him. The by-laws of the company fix certain periods for the ascertainment of this proportion,—the 1st days of July and January in each year; and the shareholder is entitled to receive the proportion which the books of the corporation show was the value of his share on the 1st days of the July or January preceding his notice of intention to withdraw.

In this case the plaintiff, as he had a right to do, remained a shareholder and a member of the corporation during all of the six months succeeding the apportionment in July, 1896, taking his share in the business of the corporation,—its chances of profit or of loss; knowing that at the end of the six months from July 1, 1896, a new apportionment would be made and a new departure adopted. When he determined in February, 1897, to withdraw, he voluntarily lost his right to the apportionment made in July, 1896, and made himself subject, as every other shareholder was, to an apportionment made after ascertaining the condition and progress of the company during the last half year of 1896, when he continued to be a shareholder in full standing. He became a creditor of the corporation on 12th April, 1897, his claim being payable in its regular turn after prior calls were paid. This provision of the by-laws binds him in the absence of fraud on the part of the officers of the company, and none appears in the record. Under the operation of the by-laws, the sum payable on certificate No. 192 became due on 7th December, 1897, and that payable on certificate No. 193 became due 16th December, 1897. The share and value of certificate No. 192 is for 100 shares, at $50.24 per share; and the share and value of certificate No. 193 is for 100 shares,

at $50.24 per share.   A verdict will be entered for the aggregate of these amounts, less the charges provided for in the certificate on withdrawal.