JAMES TELLER v. WILLIAM M. WILCOXEN, Receiver, Appellant.

**Insolvent Building and Loan Association:** HOLDER OF FULL PAID STOCK: *Preferences.* A holder of full paid stock in a building association, bearing interest at a stated rate, and payable at regular intervals, is not a creditor of the association, entitled to preference over other members in the winding up of its affairs, where the association was not authorized to raise money otherwise than on shares of stock issued to members, and there is no provision in the full paid certificates of stock, or in the articles of incorporation or by-laws, entitling holders of that class of stock to pref erence.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

WEDNESDAY, FEBRUARY 7, 1900.

THE defendant was appointed receiver of the Union Building & Savings Association, insolvent, in an action brought against it, and this proceeding is an intervention by plaintiff, in which he seeks to have his claim, founded upon certain shares of stock, given a preference. There was a judgment in plaintiff's favor and defendant appeals.— *Reversed.*

*Wm. M. Wilcoxen* in *pro. per.*

*W. B. Tallman* for appellee.

WATERMAN, J.—The Union Building & Savings Association was duly incorporated under the laws of this state (title 9, chapter 6, Code 1873). It issued stock of different kinds for the purpose of raising money to loan to its members. One variety of stock was known as "Class D." This was full-paid stock, which bore interest at the rate of 8 per cent., payable semi-annually. The promise to pay interest was unconditional. It was in no way dependent on the profits of the association. According to the terms of the stock certificate, the principal could be withdrawn at any time after sixty days' notice. Plaintiff's contention is that he is a creditor, and not a member, of the association, and for this reason is entitled to a preference over other stockholders in the winding up and settlement of the affairs of the corporation. The parties argue this one question, and this alone we shall consider. Plaintiff presents his case upon the theory that his certificate is a note or bond, because of the absolute obligation to pay interest. But this claim is not justified. We find no provision of our statute authorizing an association like this to raise money in any other way than by issuing shares of stock, and the stockholders constitute its membership. No right of action existed on this certificate against the association, as would have been the case with a note or bond. The holder could only withdraw his money as provided by the by-laws. If this right were refused, his remedy would be in equity to wind up the corporate affairs. The mere fact that plaintiff had paid more on his shares than others did would not affect his standing as a member, or give him any superior equity. Nor would the absolute promise to pay interest tend to destroy his character as a member. There is nothing in the articles of incorporation, the by-laws, or the terms of plaintiff's certificate which tends to show that class D stock

was to have any preference. Under such circumstances, the claims of all stockholders are equally meritorious. While there is a slight conflict in the cases, we think the weight of authority sustains the views expressed. Some of the decisions following differ from the case at bar, in that a part of the principal and all of the interest were payable from profits; but others are directly in point, and in each of them the reasoning supports the contention of defendant that plaintiff's rights are those of a member only. *Towle v. Association* (C. C.), 75 Fed. Rep. 938; *Hohenshell v. Association,* 140 Mo. Sup. 566 (41 S. W. Rep. 948); *Gibson v. Association,* 170 Ill. Sup. 44 (48 N. E. Rep. 580, 39 L. R. A. 202); *Latimer v. Investment Co.,* 81 Fed. Rep. 776; *Leahy v. Association,* 100 Wis. 555 (76 N. W. Rep. 625). The judgment of the district court must be REVERSED.

GRANGER, C. J., not sitting.