LUCETTA KELLENBERGER v. OSKALOOSA NATIONAL BUILDING, LOAN AND INVESTMENT ASSOCIATION, Appellant.

**Building and loan associations:** RETIREMENT OF STOCK: INTEREST.
1 Although Section 1898c. Code Supplement 1902 prohibits a building and loan association from issuing stock bearing a fixed

dividend after January 1, 1901, yet, thé holder of such stock issued prior to that date, upon giving notice of its withdrawal for the purpose of retiring the same in conformity with the statute, is entitled to legal interest on the amount due from the, time of such notice to date of payment.

**Agency:** RATIFICATION. The payment by a stockholder of membership and transfer fees to a third person, from whom the loan association received the same and through whom it delivered the stock, was payment to the association.

**Voluntary payment:** RECOVERY. Where a building and loan association intentionally made a payment to a stockholder, as interest, it cannot recover it back on the theory that it was an erroneously computed dividend.

**Dividends:** DEDUCTION FOR EXPENSES: WAIVER. Where a building and loan association contracted to pay a stockholder the par value of his stock upon its withdrawal and a fixed profit represented by coupons attached to the certificates, and its expenses were provided for and paid from other sources, it waived a provision in its articles that a certain percentage for expenses should be deducted from the profits on fully paid stock.

*Appeal from Mahaska District Court.*— HON. W. G. CLEMENTS, Judge.

FRIDAY, FEBRUARY 9, 1906.

ACTION for balance alleged to be due plaintiff as the holder of certain shares in the defendant association. From judgment for $192.50, defendant appeals.— *Affirmed.*

*Shangle & Gordon, McCoy & McCoy,* and *Bolton & McCoy,* for appellant.

*J. F. & W. R. Lacey,* for appellee.

LADD, J.— I. The defendant is a building and loan association, and as such, on March 2, 1899, issued forty-eight fully paid shares of stock to J. H. Kellenberger, who subsequently assigned them to the plaintiff. The certificates recited that the holder may withdraw from the association and receive $100 for each share surrendered, and such rate

of interest as is named in the articles of incorporation. Attached to each certificate were ten coupons, in which the association expressly promised to pay the amounts therein named, being interest at the rate of eight per cent. per annum on the stock. The articles of incorporation exacted the payment of $100 for each full-paid share, and provided that "within thirty days after the first day of January and July of each year the holder shall receive a semi-annual dividend of a sum not exceeding 8% per annum on the par value of said stock." Regardless of whether the association had the authority to stipulate a fixed rate of interest (see *Teller v. Wilcoxen,* 110 Iowa, 565), it had done so, and so treated the obligation by promptly taking up the interest coupons when due until July 1, 1900. Shortly thereafter eighteen shares were retired by the association, and the plaintiff, through her agent, orally agreed that the rate of interest on the remainder should be reduced to six per cent. per annum. The articles provided that the holder of a full-paid share might withdraw " after one year upon sixty days' notice by surrendering his certificate and receive the sum of one hundred dollars and any interest due in full payment of said certificate " at times when certain moneys should be available, and the association reserved the right to " pay and redeem each full-paid share after one year by giving thirty days' notice." After some letters concerning the withdrawal by plaintiff had passed, defendant's secretary wrote on January 23, 1901: " Give notice of withdrawal of stock, and we will pay as soon as we can. Have been paying in about ninety days. Will pay sooner if we can. You will get interest up to the time of payment at six per cent. It will be called a dividend when paid." Thereupon plaintiff gave the required notice, and deposited the certificates with the secretary, as was required in withdrawing. Interest, less $12.90, was paid up to the time of the notice and surrender of the certificates,

and this, as will appear, was included in the first payment on the withdrawal value.   Payments were made as follows:

| | |
|---|---:|
| March 29, 1902 | $512 90 |
| April 10, 1902 | 700 00 |
| April 19, 1902 | 400 00 |
| May 7, 1902 | 400 00 |
| June 10, 1902 | 300 00 |
| June 19, 1902 | 700 00 |
| Total | $3,012-90 |

Upon inquiry the secretary advised plaintiff's agent, in a letter dated April 15, 1902;  " You are credited with no dividends after notice of withdrawal, as that terminated your membership and relieved you of any further liability for expenses and losses.   In return for this you cease to share in dividends."   The main controversy is whether plaintiff was entitled to interest after the notice of withdrawal was served.

It may be conceded, for the purposes of this case, that a shareholder who has elected to withdraw may not participate in the dividends of the association thereafter earned.

1. BUILDING AND LOAN ASSOCIATIONS: retirement of stock; interest.

*Synnott v. Iron Belt B. & L. Ass'n* (C. C.) 89 Fed. 292.   But the rule has no application, for the reason that the enactment of section 1, chapter 69, of the Acts of the 28th General Assembly, had obviated any withdrawal by either party.   As found in Code Supplement 1902, section 1898c, the section reads:

That no building and loan or savings and loan associations shall issue guaranty stock, fully paid stock, or single payment stock, or any stock of any other kind or name which shall receive fixed dividends, or is not subject to all the liabilities of all other classes of stock of said associations, except that it shall be lawful for such associations to issue fully

paid stock upon the payment by the holder thereof of the par value of such stock upon which the dividends to be declared shall not exceed the sum named in said certificate of stock, but in no event shall the dividend exceed eight per cent. per annum nor the rate of dividend declared upon the other stock of said association, which said stock shall be subject to be called in and redeemed by the said association by giving the holder thirty days' notice thereof. But such stock shall not be entitled to vote at any stockholders' meeting. Any association having heretofore issued stock forbidden by this section must retire the same on or before January 1st, 1901, and the same may be retired either by paying the amount due thereon in cash or by the issuing of stock permitted to be issued by the provisions of this section.

It is manifest these certificates were within the prohibition of the statute, for the reason, among others, that in connection with the coupons attached they provided for " fixed dividends," and, regardless of whether authorized by law, the language is mandatory that the association " must retire the same on or before January 1st, 1901." This disposes of appellant's contention that the amendment to its articles operated to continue them in force. The shares are to be retired, not continued, and this in one of two ways: " By paying the amount due thereon in cash, or by the issuing of stock permitted to be issued by the provisions of this section." The last method was not pursued. No new stock was issued to plaintiff. There was some talk of interlining the certificates so as to be in conformity with this statute, but the testimony, when considered in connection with the correspondence, fails to establish any agreement to this effect, and the alteration was never made. Appellant was informed as early as September 10, 1900, that " the old certificates (without change) must prevail and continue in force until called in and paid off." Plaintiff consented to take interest at the rate of six, instead of eight, per cent. per annum, but in no manner waived her right to settlement in conformity with the provisions of this statute. The

only remaining way of retiring the shares was " by paying the amount due thereon." The articles exacted the payment of par value of the shares in order to retire, and this was the amount due January 1, 1901. The statutes operated to make this due and payable on or before that date, and required the association to take the necessary steps to retire the stock, namely, to pay therefor in cash, as it chose not to issue other stock in its stead. In this state " money, after the same becomes due," in the absence of contract to the contrary, bears interest at the rate of six per cent. per annum. Section 3038, Code. The secretary of the association was correct in his assurance that plaintiff would be entitled " to interest up to the time of payment at six per cent.," and the subsequent notice of withdrawal and surrender of certificates induced thereby were without effect upon its obligation to pay. The arguments of counsel have taken a wide range, but what we have said disposes of appellant's contention that the court erred in charging it with interest after January 1, 1901.

II. The defendant interposed a counter-claim, which was not allowed. The articles exact the payment of $1 per share as a membership fee, and $1 as a fee for the transfer of each certificate. It is said these have not been paid. Kellenberger subscribed for the stock with one Mahler, and the certificates were delivered through him, to whom he paid both the fees and for the stock. In receiving the money paid Mahler for the shares in pursuance of the subscription, and delivering the certificates through him, the association recognized him as its agent, and ratified what he had done. This being so, payment of these fees to him was payment to the association.

2. AGENCY: ratification.

There is also an item of $15 said to have been overpaid, owing to mistakenly computing a dividend at six per cent., instead of five per cent. No mistake appears to have been made. The payment was intentionally made as interest, regardless of the amount of any

3. VOLUNTARY PAYMENT: recovery.

dividend earned, and, having been voluntarily paid, cannot be recovered back.

Article 9 provided that "there shall, [be taken] out of his profits the sum of two per cent. upon each full paid share for expense," and defendant claims that this has not been deducted, and demands judgment therefor. It is doubtless true that this was not deducted from plaintiff's profits, and for the reason that these were undertaken to be paid in the way of interest at fixed and definite amounts. The coupons must have been intended to represent the net sums to be paid plaintiff, and they were voluntarily paid. Expenses were procured from other sources, and have been met. There is no claim that the omission to deduct the percentage for expenses was through inadvertence or mistake. Nor is there any doubt but that both parties understood that the association owed plaintiff the par value of her stock January 21, 1901. Indeed, the secretary testified that the only matter in dispute was whether interest should be paid after the notice of withdrawal. Clearly the association has waived contribution to the expense fund, and ought not to recover it now.

4. DIVIDENDS: deduction for expenses: waiver.

*Affirmed.*